1   PATRICK E. STOCKALPER, SBN 156954
    HARLAN N. PETOYAN, SBN 272429
2   REBACK, MCANDREWS, KJAR,
    WARFORD, STOCKALPER & MOORE, LLP
3   1230 Rosecrans Avenue, Suite 450
    Manhattan Beach, California  90266
4   Telephone (310) 297-9900
5   Facsimile (310) 297-9800

6   Attorneys for Defendants,
7   KARL STORZ ENDOSCOPY-AMERICA, INC.,
    A California Corporation; and KARL STORZ
8   ENDOVISION, INC., a Massachusetts Corporation

9

10              UNITED STATES DISTRICT COURT

11       FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 12  JOANNE MURPHY, an Individual; ) | **Case No.:** 2:15-cv-6303 |
| 13  and LISA M. MISKELLA, an ) | |
|     Individual, ) | [Action filed: May 12, 2015] |
| 14  ) | Assigned to: Hon. Deirdre H. Hill |
| 15          Plaintiffs, ) | Dept. 49 |
| 16  ) | |
|          v. ) | |
| 17  ) | |
| 18  KARL STORZ ENDOSCOPY- ) | **NOTICE OF REMOVAL UNDER** |
|     AMERICA, INC., a California ) | **28 U.S.C. § 1441(B) (DIVERSITY)** |
| 19  Corporation; KARL STORZ ) | **OF DEFENDANT, KARL STORZ** |
| 20  ENDOVISION, INC., a ) | |
|     Massachusetts Corporation; KARL ) | |
| 21  STORZ GMGH & CO. KG, A ) | |
| 22  Business Entity Form Unknown, and ) | |
|     DOES 1 through 1000, inclusive, ) | |
| 23  ) | |
| 24          Defendants. ) | |
| 25  ) | |
| 26  ) | |
| 27  ) | |

28

1

1

## **TABLE OF CONTENTS**

2

Page

3  I.   REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL
4       SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. 1332(A)........3

5       A.   THE AMOUNT IN CONTROVERSY REQUIREMENT
6            IS SATISFIED ..............................................................................................3

7       B.   COMPLETE DIVERSITY OF CITIZENSHIP EXISTS
8            BETWEEN THE PROPERLY JOINED PLAINTIFFS................................4

9       C.   THE INCLUSION BY LISA M. MISKELLA OF
             JOANNE MURPHY IN THE COMPLAINT IS A SHAM THAT
10           CONSTITUTES IMPROPER JURISDICTIONAL MANIPULATION,
11           AND DOES NOT DEPRIVE DEFENDANTS OF THEIR RIGHT OF
             REMOVAL TO FEDERAL DISTRICT COURT UNDER
12           28 U.S.C § 1332(A) ....................................................................................5

13      D.   THE COURT SHOULD SEVER JOANNE MURPHY'S CLAIMS
14           AND REMAND THEM TO STATE COURT................................................9

15           1    Plaintiffs' claims are improperly joined because they do not
16                arise out of the same transaction or series of transactions.................11

17                a. Different alleged injuries. ..............................................................11
18
19                b. Different medical histories of plaintiffs...........................................12

20                c. Different physicians and surgical procedures. ...............................13
21
22                d. Different dates of the procedure. ....................................................14

23           2.   Plaintiffs' Intent to Evade Federal Subject Matter
24                Jurisdiction Is Plain.........................................................................16

25  II.  KARL STORZ HAS SATISFIED THE PROCEDURAL AND VENUE
26       REQUIREMENTS FOR REMOVAL ..................................................................18

27

28

i

# TABLE OF AUTHORITIES

<u>Page</u>

**Cases**

Alabama Great Southern Railway v. Thompson,
   200 U.S. 206 (1906) ..................................................................................6

Alday v. Organon United States,
   No. 4:09-cv-1415, 2009 WL 3531802, 2009 U.S. Dist. LEXIS 100031
   (E.D. Mo. Oct. 27, 2009) ..................................................................13, 14

Anaya v. Superior Court,
   160 Cal. App. 3d 228 (1984) ..................................................................15

Asher v. 3M Co., No. 04-CV-522-KKC, 2005 WL 1593941
   (E.D. Ky. June 30, 2005) ..........................................................................9

Baldwin v. Sears, Roebuck & Co.,
   667 F.2d 458 (5th Cir. 1982) ....................................................................7

California Dump Truck Owners Ass'n v. Cummins Engine Co.,
   24 F. App'x 727 (9th Cir. 2001) ..........................................................9, 10

Carpenter v. Wichita Falls I.S.D.,
   44 F.3d 362 (5th Cir. 1995) ......................................................................7

Chaney v. Gate Pharm. (In re Diet Drugs
(Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.),
   No. Civ. A. 98-20478, 1999 WL 554584 (E.D. Pa. July 16, 1999) ..............14, 15, 16

Chesapeake & O. R. Co. v. Cockrell,
   232 U.S. 146 (1914) ..................................................................................7

City of Indianapolis v. Chase Nat'l Bank,
   314 U.S. 63 (1941) ....................................................................................7

City of Vestavia Hills v. Gen. Fid. Ins. Co.,
   676 F.3d 1310 (11th Cir. 2012) ................................................................7

Cohen v. Office Depot,
   204 F.3d 1069 (11th Cir. 2000) ..........................................................9, 10

Cortez v. Frank's Casing Crew & Rental Tools,
  2007 WL 397488 (S.D. Tex. Jan. 31, 2007)............................................17

Farmers Ins. Exchange v. Adams,
  170 Cal. App. 3d 712 (1985) ...................................................12, 15

Federated Dep't Stores, Inc. v. Moitie,
  452 U.S. 394, n.2 (1981)...............................................................6

Garvey v. State Farm Fire & Casualty Co.,
  48 Cal.3d 395 (1989) .......................................................12, 15

Gentle v. Lamb-Weston,
  302 F. Supp. 161 (N.D. Me. 1969) ............................................8

Gibson v. Chrysler Corp.,
  261 F.3d 927 (9th Cir. 2001) ...................................................4

Greene v. Wyeth,
  344 F. Supp. 2d 674 (D. Nev. 2004)........................10, 15, 16, 17

Grennell v. W. S. Life Ins. Co.,
  298 F. Supp. 2d 390 (S.D. W. Va. 2004)...................................10

Hertz Corp. v. Friend,
  559 U.S. 77 (2010)....................................................................7

In re Benjamin Moore & Co.,
  318 F.3d 626 (5th Cir. 2002) .................................................9, 10

In re Diet Drugs Prods. Liab. Litig.
  (ED. Pa. 2003) 294 F.Supp.2d 667 .......................................13

In re Fosamax (Alendronate Sodium) Prods. Litig. (No. II),
  2012 WL 1118780 (D.N.J. Apr. 3, 2012).................................14

In re Rezulin Prods. Liab. Litig.,
  133 F. Supp. 2d 272 (S.D.N.Y. 2001) .............................4, 11, 13, 14

Luckett v. Delta Airlines, Inc.,
  171 F.3d 295 (5th Cir. 1999) ...................................................4

McPhail v. Deere Co.,
   529 F.3d 947 (10th Cir. 2008) .......................................................... 4

Moe v. Anderson,
   207 Cal. App. 4th 826 (2012) ......................................................... 15

Navarro Savings Ass'n v. Lee,
   446 U.S. 458 (1980).......................................................................... 7

Newman-Green, Inc. v. Alfonzo-Larrain ................................................ 17

Propecia (Finasteride) Prod. Liab. Litig.
   (E.D.N.Y. May 17, 2013) 2013 WL 3729570 ............................... 13

Reed v. Am. Med. Sec. Group, Inc.,
   324 F. Supp. 2d 798 (S.D. Miss. 2004) .......................................... 10

Ritchey v. Upjohn Drug Co.,
   139 F.3d 1313 (9th Cir. 1998) ........................................................... 9

Sanchez v. Monumental Life Ins. Co.,
   102 F.3d 398 (9th Cir. 1996) ............................................................. 3

Simmons v. PCR Tech.,
   209 F. Supp. 2d 1029 (N.D. Cal. 2002) ............................................ 3

Simmons v. Wyeth Laboratories, Inc.,
   1996 U.S. Dist. LEXIS 15950, Nos. 96 CV 6631, 6686, 6728, 6730,
   1996 WL 617492 (E.D. Pa. Oct. 24, 1996) ..................................... 12

Singer v. State Farm Mut. Auto. Ins. Co.,
   116 F.3d 373 (9th Cir. 1997) ............................................................. 3

Standard Fire Ins. Co. v. Knowles,
   133 S. Ct. 1345 (2013)....................................................................... 7

Tapscott v. MS Dealer Serv. Corp.,
   77 F.3d 1353 (11th Cir. 1996) ........................................................... 9

Wecker v. Nat'l Enameling & Stamping Co.,
   204 U.S. 176 (1907).................................................................. 6, 8, 17

Welch v. Merck Sharpe & Dohme Corp.,
    MDL NO. 2243, No. 11-3045, 2012 U.S. Dist.
    LEXIS 48114 (D.N.J. Apr. 3, 2012)...............................................................11, 14

Wilson v. Republic Iron & Steel Co.,
    257 U.S. 92 (1921)...............................................................................................7

**State Statutes**

Code of Civil Procedure section 378(a).......................................................10, 15

Code of Civil Procedure section 379...............................................................12

**Federal Statutes**

28 U.S.C. § 1332...............................................................................................2

28 U.S.C. § 1332(a) ...................................................................................2, 3, 5

28 U.S.C. § 1332(c)(1)..................................................................................4, 5

28 U.S.C. § 1441...........................................................................................2, 3

28 U.S.C. § 1446(a) .........................................................................................2

28 U.S.C. § 1446(c)(2)(B) ...............................................................................3

28 U.S.C. § 1453.............................................................................................3

Fed. R. Civ. Pro. 12........................................................................................19

Fed. R. Civ. Pro. 17..........................................................................................8

Fed. R. Civ. Pro. 20........................................................................................10

Fed. R. Civ. Pro. 20(a) ...................................................................................13

Fed. R. Civ. Pro. 21..........................................................................................9

Fed. R. Civ. Pro. 82..........................................................................................8

**Other Authorities**

American Law Institute, Study of the Division of Jurisdiction Between
State and Federal Courts, Commentary on Proposed § 1307 at 104
   (September 25, 1965 Official Draft)..................................................................9

Charles Alan Wright et al., 14B FED. PRAC. & PROC. JURIS. § 3723 (4th ed.)......6, 10

Act of March 3, 1875, § 1, 18 Stat. 470................................................................5

Judiciary Act of 1789, 1 Stat. 78, 11..................................................................5

**Constitutional Provisions**

United States Constitution, Art. III, § 2, cl. 1 ....................................................2

TO THE CLERK OF THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that defendants, KARL STORZ ENDOSCOPY-AMERICA and KARL STORZ ENDOVISION (collectively "KARL STORZ"), by and through undersigned counsel, hereby remove this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The United States District Court for the Central District of California has original subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among all properly joined and served parties and the amount in controversy exceeds $75,0000.00, exclusive of interest and costs. In support of removal, KARL STORZ further states:

1.     On or about July 10, 2015, plaintiffs JOANNE MURPHY and LISA M. MISKELLA ("plaintiffs") filed a Complaint in the Superior Court of the State of California, County of Los Angeles, Case No. BC587002. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon and by KARL STORZ, including the Summons and Complaint, are attached as Exhibit A to the Declaration of Harlan N. Petoyan in Support of Removal ("Petoyan Decl."), filed concurrently herewith. Each plaintiff asserts claims for strict products liability failure to warn; negligence; gross negligence; negligent misrepresentation; and fraudulent concealment. (Compl. ¶¶ 58-161).

2.     The plaintiffs' claims involve different surgeons, different hospitals, different states of residence, and different state laws, and each plaintiffs allege monetary relief claims against Defendants in excess of $75,000, exclusive of interest and costs. In an attempt to exalt form over substance, counsel has joined JOANNE MURPHY, a resident of California to the action of LISA M. MISKELLA, a resident of Connecticut. This decision mere artifice to try to evade the original subject matter jurisdiction of this Court granted by the United States Constitution, Art. III, § 2, cl. 1 as implemented by

Congress in 28 U.S.C. § 1332(a) (diversity jurisdiction). By doing so, the plaintiffs have also attempted to defeat Defendants' federal statutory right of removal granted by 28 U.S.C. §§ 1441 et seq. & 1453 and to avail themselves of their rights under 28 U.S.C. § 1332(a) to be sued and defend themselves in federal court.

3.      More specifically, for no apparent reason other than to attempt to evade this Court's diversity jurisdiction under 28 U.S.C. § 1332(a), these two plaintiffs have grouped together their largely unrelated actions in a crass attempt to keep the LISA M. MISKELLA matter from being removed to this Court's jurisdiction.

I.      **REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. 1332(A)**

4.      This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

A.      **THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

5.      Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.1

6.      It is facially evident from the Complaint that as to each plaintiff, the amount in controversy exceeds $75,000.00. See Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373 (9th Cir. 1997). A removing defendant need only show that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of $75,000.00. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). When the amount in controversy is not specified in the complaint, the court may consider the facts alleged in the complaint as well as in the notice of removal. See Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(B) (DIVERSITY) OF DEFENDANT KARL STORZ

7.     Plaintiffs each allege that "the Storz Morcellator disseminated and seeded ESS cancer throughout her abdominal cavity thereby accelerating the spread of her cancer and worsening her long-term prognosis and the natural course of her cancer." (Compl. ¶¶ 25, 42).   Each plaintiff claims damages for "personal injuries and emotional distress".  (Compl. p.48:4-5; 48:26-27).  Each also seeks damages for past and future medical care and past and future lost earnings.  (Compl. p.48:6-9; 48:28-49:5).

8.     It is plain based on these allegations that the amount in controversy exceeds the $75,000 jurisdictional threshold. See, e.g., In re Rezulin Prods. Liab. Litig., 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (finding that a complaint alleging various injuries from taking a prescription drug "obviously asserts a claim exceeding $75,000"). See, e.g., McPhail v. Deere Co., 529 F.3d 947, 955 (10th Cir. 2008) (citing Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999) (amount in controversy established by "alleged damages for property, travel expenses, and emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation and her temporary inability to do housework.")).

9.     In addition, plaintiffs seek punitive or exemplary damages and attorneys' fees. (Compl. P.48:12-14, 49:6-8). "It is well established that punitive damages are part of the amount in controversy in a civil action." Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001).

10.     Thus, on the face of Complaint, the amount in controversy for each Plaintiff exceeds $75,000, exclusive of interest and costs, and this jurisdictional requirement is satisfied.

**B.     COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PROPERLY JOINED PLAINTIFFS**

11.     For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), defendant, KARL STORZ ENDOSCOPY-AMERICA, INC. is a citizen of the State of California because it is incorporated in the State of California and has its principal place

of business at 2151 E. Grand Avenue, El Segundo, California. (Petoyan Decl. ¶ 5).

12.    For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), defendant, KARL STORZ ENDOVISION, INC. is a citizen of the State of Massachusetts because it is incorporated in the State of Massachusetts and has its principal place of business in Charlton, Massachusetts. (Petoyan Decl. ¶ 6).

13.    For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), plaintiff, LISA M. MISKELLA is a citizen of the State of Connecticut because she is a resident of the city of New Haven in Connecticut. (Compl. ¶ 7).

14.    JOANNE MURPHY is alleged to be a resident of the city of Los Angeles in California. (Compl. ¶ 5).

15.    As explained below, JOANNE MURPHY is fraudulently misjoined. Accordingly, her presence should be ignored for purposes of federal jurisdiction, and her claims should be severed and remanded to California state court.

**C.    THE INCLUSION BY LISA M. MISKELLA OF JOANNE MURPHY IN THE COMPLAINT IS A SHAM THAT CONSTITUTES IMPROPER JURISDICTIONAL MANIPULATION, AND DOES NOT DEPRIVE DEFENDANTS OF THEIR RIGHT OF REMOVAL TO FEDERAL DISTRICT COURT UNDER 28 U.S.C § 1332(A)**

16.    Congress first implemented the federal constitutional grant of diversity jurisdiction by its passage of the Judiciary Act of 1789, 1 Stat. 78, 11. The federal courts have had jurisdiction over suits between citizens of different states ever since. The Act of March 3, 1875, § 1, 18 Stat. 470, first established the language found today in 28 U.S.C § 1332(a). Plaintiffs have been attempting to deprive defendants of their federal right of removal of actions filed in state court ever since then, but the United States Supreme Court has adopted judicial tools such as the prohibition against jurisdictional manipulation and the doctrine of fraudulent joinder to prevent those efforts.

17.     In <u>Alabama Great Southern Railway v. Thompson</u>, 200 U.S. 206, 213-17 (1906), the Supreme Court reviewed several prior decisions and reaffirmed the principle held that a plaintiff's personal injury suit for negligence brought against joint tortfeasors was not removable by a non-resident defendant railroad as a separable controversy so long as the plaintiff had a colorable right of recovery against the defendant in-state employees of the railroad for their alleged acts of negligence in their capacity as the engineer and conductor of the train that killed the intestate of the plaintiff. When doing so, the Supreme Court went on to explain:

> It is to be remembered that we are not now dealing with joinders, which are shown by the petition for removal, or otherwise, to be attempts to sue in the state courts with a view to defeat Federal jurisdiction. In such cases entirely different questions arise, and the Federal courts may and should take such action as will defeat attempts to wrongfully deprive parties entitled to sue in the Federal courts of the protection of their rights in those tribunals.

<u>Id.</u> at 218.  In the present case there is nothing in the questions propounded which suggests an attempt to commit a fraud upon the jurisdiction of the Federal courts.

18.     In its very next term, the Supreme Court quoted the foregoing language from <u>Thompson</u> with approval and it reaffirmed the principle that federal trial courts must not tolerate improper practices or devices that attempt to manipulate a non-resident defendant's legal right to be sued in federal court:

> While the plaintiff, in good faith may proceed in the state courts upon a cause of action which he alleges to be joint, it is equally true that the Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction.

<u>Wecker v. Nat'l Enameling & Stamping Co.</u>, 204 U.S. 176, 185-86 (1907); <u>see</u> <u>also</u> <u>Federated Dep't Stores, Inc. v. Moitie</u>, 452 U.S. 394, 397 & n.2 (1981) (recognizing "'defendant's right to a federal forum'") (quoting 14 C. WRIGHT, A. MILLER, & E. COOPER, <u>Federal Practice and Procedure</u> § 3722, at pp. 564-66 (1976)); <u>Carpenter v.</u>

Wichita Falls I.S.D., 44 F.3d 362, 366 (5th Cir. 1995) (recognizing "defendant's right to remove" a federal question case); Baldwin v. Sears, Roebuck & Co., 667 F.2d 458, 459 (5th Cir. 1982) ("28 U.S.C. § 1441 creates a broad right of removal.").

19.     The inclusion or designation of a party to a suit "although fair on its face, may be shown by a petition for removal to be only a sham or fraudulent device to prevent a removal; but the showing must consist of a statement of facts rightly leading to that conclusion apart from the pleader's deductions." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97-98 (1921). Without limitation, this means that defendants' "right of removal" cannot be defeated by the fraudulent joinder of a party "having no real connection with the controversy." Chesapeake & O. R. Co. v. Cockrell, 232 U.S. 146, 152 (1914).

20.     The United States Supreme Court does not permit either plaintiffs or defendants to engage in manipulative attempts to create or to defeat the diversity jurisdiction of the federal district courts. The Supreme Court and the federal appellate courts have, rather, consistently disregarded and struck down, for diversity jurisdiction purposes, manipulative artifices such as (1) the plaintiff's improper attempt to realign a party for the purpose of both creating or defeating diversity, see City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63 (1941) (realignment of defendant as plaintiff and remanding suit to state court based on lack of diversity post-realignment); City of Vestavia Hills v. Gen. Fid. Ins. Co., 676 F.3d 1310 (11th Cir. 2012) (realignment of defendant as plaintiff after removal and denying the plaintiff's motion to remand for lack of diversity as subject matter jurisdiction existed after realignment); (2) the filing of non-binding stipulations, see Standard Fire Ins. Co. v. Knowles, 133 S. Ct. 1345, 1350 (2013); (3) permissible but nonetheless sham practices, see Hertz Corp. v. Friend, 559 U.S. 77, 97 (2010); or (4) the naming of nominal parties, Navarro Savings Ass'n v. Lee, 446 U.S. 458, 460, 461 (1980). The Court has never suggested that a federal court's power to protect its diversity jurisdiction is limited to detecting and defeating these

7

particular artifices. See Wecker v. Nat'l Enameling & Stamping Co., 204 U.S. 176, 185 (1907); Gentle v. Lamb-Weston, 302 F. Supp. 161, 165 (N.D. Me. 1969) ("[S]ince 1887 the [U.S. Supreme] Court has condemned similar practices in a way which makes it clear that the federal courts should be alert to protect their jurisdiction against cleverly-designed maneuvers designed by ingenious counsel to defeat it").

21.     The principle that the plaintiff is the master of her complaint is not a talisman that deprives defendants of their Constitutionally-backed, Congressionally-sanctioned right of removal. As explained below, the inclusion by LISA M. MISKELLA of the unrelated claim of JOANNE MURPHY in this proceeding is the precise type of manipulative artifice that numerous precedents of the United States Supreme Court prohibit.

22.     The claims of JOANNE MURPHY against Defendants are severable and not joint: she alleges claims against Defendants based on an entirely different set of facts. See Part I.D., infra. JOANNE MURPHY has her own individual "case or controversy" against defendants, see U.S. Const. art. III, and each plaintiff is the real party in interest for her individual claims. See Fed. R. Civ. Pro. 17.

23.     To the extent that their separate claims may be joined under the California or Federal Rules of Civil Procedure into a single proceeding, those procedural rules of joinder of parties "do not extend or limit" the subject matter jurisdiction of the Federal district courts. See Fed. R. Civ. Pro. 82. Thus, any such procedural rule must yield to 28 U.S.C. § 1332(a). More fundamentally, the Complaint alleges no facts that show or even suggest that the claims of JOANNE MURPHY have any substantive nexus with those of LISA M. MISKELLA. Accordingly, JOANNE MURPHY'S addition to this lawsuit is acts as a putative "poison pill" that LISA M. MISKELLA whose citizenship is diverse from defendants is improperly using to try and deprive defendants of their legal right to defend themselves in this Federal district court.

24.     "So long as federal diversity jurisdiction exists * * * the need for its assertion may well be greatest when the plaintiff tries hardest to defeat it. The plaintiff who chooses to sue a noncitizen defendant in a state court may be motivated by the hope that the out-of-state defendant will be at a substantial disadvantage in that court, and the likelihood of such motivation increases with the lengths to which the plaintiff will go to prevent removal to a federal forum." American Law Institute, Study of the Division of Jurisdiction Between State and Federal Courts, Commentary on Proposed § 1307 at 104 (September 25, 1965 Official Draft). Under Thompson, supra, and its progeny, the citizenship of JOANNE MURPHY should be disregarded.  This Court should sever JOANNE MURPHY from this proceeding. See Fed. R. Civ. Pro. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.")

### D.     THE COURT SHOULD SEVER JOANNE MURPHY'S CLAIMS AND REMAND THEM TO STATE COURT.

25.     Federal diversity jurisdiction exists "where diversity is destroyed only through misjoinder of parties." Asher v. 3M Co., No. 04-CV-522-KKC, 2005 WL 1593941, at *7 (E.D. Ky. June 30, 2005) (citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996), abrogated on other grounds by, Cohen v. Office Depot, 204 F.3d 1069 (11th Cir. 2000)). "[F]raudulent misjoinder of plaintiffs is no more permissible than fraudulent misjoinder of defendants to circumvent diversity jurisdiction." In re Benjamin Moore & Co., 318 F.3d 626, 630-31 (5th Cir. 2002).

26.     The Ninth Circuit has referred to the misjoinder of parties as an artifice to defeat diversity jurisdiction in three decisions, including, most recently, California Dump Truck Owners Ass'n v. Cummins Engine Co., 24 F. App'x 727 (9th Cir. 2001). See also Ritchey v. Upjohn Drug Co., 139 F.3d 1313 (9th Cir. 1998); Thomas v. Great N. Rwy., 147 F. 83, 84 (9th Cir. 1906) (misjoinder of defendants). In Cummins Engine, the appellate court cited Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996), abrogated on other grounds by, Cohen v. Office Depot, 204 F.3d 1069 (11th Cir.

NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(B) (DIVERSITY) OF DEFENDANT KARL STORZ

2000), and stated that it would "assume, without deciding, that this circuit would accept the doctrines of fraudulent and egregious joinder as applied to plaintiffs." <u>Cummins Engine</u>, 24 F. App'x at 727, *7.

27. Other federal appellate courts and numerous trial courts have recognized the validity of and the vital need for the fraudulent misjoinder rule and following the Eleventh Circuit's lead have adopted this doctrine.[1] According to Wright & Miller, the doctrine "may represent a third type of fraudulent joinder .... The three [types] hold the promise of providing strong protection for the defendant's statutory right to remove." Charles Alan Wright et al., 14B FED. PRAC. & PROC. JURIS. § 3723 (4th ed.) As one court put it, "[t]he premise which underlies the concept of fraudulent misjoinder is that diverse defendants ought not be deprived of their right to a federal forum by such a contrivance as this." <u>Reed v. Am. Med. Sec. Group, Inc.</u>, 324 F. Supp. 2d 798, 805 (S.D. Miss. 2004).

28. Plaintiffs' claims are misjoined because they do not meet federal or California's joinder rules as they do not involve the same transaction or occurrence. <u>See</u> Fed. R. Civ. Pro. 20; <u>see</u> <u>also</u> Cal. <u>Code Civ. Proc.</u> § 378(a). Plaintiffs allege absolutely no factual connection among their claims, aside from the basic fact each plaintiff developed cancer following a surgical procedure that utilized a power morcellator manufactured by KARL STORZ.

---

[1] <u>See</u> e.g. <u>In re Benjamin Moore & Co.</u>, 318 F.3d 626, 630-31 (5th Cir. 2002) (noting "fraudulent misjoinder of plaintiffs is no more permissible than fraudulent misjoinder of defendants to circumvent diversity jurisdiction"); <u>Greene v. Wyeth</u>, 344 F. Supp. 2d 674, 684-85 (D. Nev. 2004) ("[T]his Court agrees with the Fifth and Eleventh Circuits that the [fraudulent misjoinder] rule is a logical extension of the established precedent that a plaintiff may not fraudulently join a defendant in order to defeat diversity jurisdiction in federal court.") (internal citations omitted); <u>Grennell v. W. S. Life Ins. Co.</u>, 298 F. Supp. 2d 390, 396 (S.D. W. Va. 2004) (holding that diversity jurisdiction cannot be defeated "through ... joining nondiverse plaintiffs").

1.     **Plaintiffs' claims are improperly joined because they do not arise out of the same transaction or series of transactions**

29.     The claims of JOANNE MURPHY and LISA M. MISKELLA are not reasonably related to one another such they may be joined in a single lawsuit. The Complaint fails to provide essential information that would militate against joinder. Importantly, no specific information is provided about the nature of either plaintiff's medical condition before the procedures at issue or their alleged injuries after the fact. Further, the complaint does not set out the nature of the informed consent conversation either plaintiff had with her respective surgeon prior to surgery. These are essential issues around which each plaintiff's claim will center. The claims of JOANNE MURPHY and LISA M. MISKELLA are therefore distinct in significant ways such that they cannot plausibly arise from the same transaction, occurrence, or series of transactions or occurrences:

**a. Different alleged injuries:** The Complaint provides little in the way of information about each plaintiff's distinct alleged injuries. Rather, it alleges in general terms that the KARL STORZ morcellator "seeded ESS cancer" throughout each plaintiff's abdominal cavity, "accelerating the spread" of cancer and worsening each patient's long term prognosis. (Compl. ¶¶ 25, 42). The complaint does not provide any detail concerning the current status of either patient's disease process or the specific nature of the alleged "seeding" of cancer. The general statement of injury set out in the Complaint in insufficient to demonstrate that the actions of JOANNE MURPHY and LISA M. MISKELLA derive from a common transaction or series of transactions. See Welch v. Merck Sharpe & Dohme Corp., MDL NO. 2243, No. 11-3045, 2012 U.S. Dist. LEXIS 48114, at *3 (D.N.J. Apr. 3, 2012) (finding fraudulent misjoinder where "[e]ach Plaintiff broadly alleges 'a long bone fracture" but "no Plaintiff actually identifies which long bone was fractured, the type of fracture sustained, or how the fracture occurred"); see also In re Rezulin Prods. Liab. Litig., 168 F. Supp. 2d at 146 (holding plaintiffs

misjoined where "they do not allege injuries specific to each of them so as to allow the Court to determine how many plaintiffs, if any, share injuries in common"); Simmons v. Wyeth Laboratories, Inc., 1996 U.S. Dist. LEXIS 15950, Nos. 96 CV 6631, 6686, 6728, 6730, 1996 WL 617492 (E.D. Pa. Oct. 24, 1996) (plaintiffs misjoined where they "do not allege the exact nature of their injuries or damages, other than averring that plaintiffs experience one or more of numerous injuries and side effects."); see also Farmers Ins. Exchange v. Adams, 170 Cal. App. 3d 712 (1985) disapproved on another ground in Garvey v. State Farm Fire & Casualty Co., 48 Cal.3d 395, 411 n.10 (1989) (finding it "improper to label the damage herein to innumerable types of structures, occurring at widely separated locations within the state, resulting from a myriad of causes, and under various conditions as the 'same transaction or occurrence' within the meaning of Code of Civil Procedure section 379.").

**b. Different medical histories of plaintiffs:** In addition to the alleged injuries purportedly related to the use of KARL TORZ morcellators in plaintiffs' procedures, JOANNE MURPHY and LISA M. MISKELLA have unique medical histories, which include the highly individualized conditions and symptoms their surgeries were intended to treat, as well as their unique gynecological, urological, oncological, and other medical histories. See, e.g., Boschert v. Pfizer, No. 4:08-cv-1714, 2009 WL 1342142, 2009 U.S. Dist. LEXIS 41261, *3-5 (E.D. Mo. May 14, 2009) (holding plaintiffs misjoined where the only commonality was the drug ingested and citing cases holding misjoinder where plaintiffs "had different exposures to the drug, different injuries, and different medical histories" and where plaintiffs had many differences "including their unique medical histories"); Adams v. I-Flow Corp. (C.D. Cal. Mar. 30, 2010, No. CV09-09550 R SSX) 2010 WL 1339948, at *8 (finding misjoinder in medical device case where "the medical histories of the plaintiffs that necessitated the procedures are certainly diverse and likely share no commonality" and the claims involved "numerous other surgical products, risk factors, and circumstances unique to each plaintiff"); see also In re Propecia

(Finasteride) Prod. Liab. Litig. (E.D.N.Y. May 17, 2013) 2013 WL 3729570, at *13. (finding plaintiffs misjoined because "the injuries [alleged would] greatly vary from plaintiff to plaintiff based on factors like age, physical state at the time [of the incident]"); see also In re Diet Drugs Prods. Liab. Litig. (ED. Pa. 2003) 294 F.Supp.2d 667, 679 ("claims of plaintiffs who have not purchased or received diet drugs from an identical source, such as a physician, hospital or diet center, do not satisfy the [same] transaction or occurrence requirement" of Federal Rule 20(a)); In re Diet Drugs (E.D. Pa. July 16, 1999) No. Civ. A 98-20478, 1999 WL 554584, at *3 (holding multiple plaintiffs alleging damages in a single case arising from ingestion of diet drugs were "clearly misjoined" under Fed. R. Civ. P. 20(a)).

   c. **Different physicians and surgical procedures:** The plaintiff's procedures involving KARL STORZ morcellators were performed by different physicians, for different medical reasons, at different times, and at different medical facilities across the country. Further, the surgeons likely performed differing maneuvers with the morcellators, performed different concomitant, and conveyed different warnings to of JOANNE MURPHY and LISA M. MISKELLA. These are important differences in plaintiffs' individualized claims that make joinder particularly inappropriate here. See, e.g., Hyatt v. Organon, U.S.A., Inc., No. 4:12CV1248, 2012 U.S. Dist. LEXIS 146905, 53 (E.D. Mo. Oct. 10, 2012) (plaintiffs misjoined where "[e]ach Plaintiff was injured at different times in different states allegedly from their use of NuvaRing that was presumably prescribed by different healthcare providers"); Alday v. Organon United States, No. 4:09-cv-1415, 2009 WL 3531802, 2009 U.S. Dist. LEXIS 100031 (E.D. Mo. Oct. 27, 2009) (same); In re Rezulin Prods. Liab. Litig., 168 F. Supp. 2d 136, 145-46 (S.D.N.Y. 2001) (prescription drug plaintiffs' claims fraudulently misjoined where they did not "allege that they received Rezulin from the same source or that they were exposed to Rezulin for similar periods of time" and where they alleged "different injuries"); Chaney v. Gate Pharm. (In re Diet Drugs (Phentermine, Fenfluramine,

---

13

<u>Dexfenfluramine) Prods. Liab. Litig.</u>), No. Civ. A. 98-20478, 1999 WL 554584, at *3-4 (E.D. Pa. July 16, 1999) ("[t]he claims o plaintiffs who have not purchased or received diet drugs from an identical source, such as a physician, hospital or diet center, do not satisfy the transaction or occurrence requirement" and "go [] well beyond mere misjoinder.").

    **d. Different dates of the procedure:** The procedures of JOANNE MURPHY and LISA M. MISKELLA took place over two years apart from one another. JOANNE MURPHY allegedly underwent a gynecological procedure that utilized a KARL STORZ morcellator on December 18, 2010. (Compl. ¶ 1). LISA M. MISKELLA allegedly underwent a gynecological procedure that utilized a KARL STORZ morcellator on March 6, 2012. (Compl. ¶ 2). The temporal and geographic variance between the two procedures stand in evidence of the fraudulent misjoinder of these two claims. <u>See</u>, e.g., <u>Alday</u>, 2009 WL 3531802, 2009 U.S. Dist. LEXIS 100031 at *20 (plaintiffs misjoined where "[e]ach Plaintiff was injured at different times in different states allegedly from their use of NuvaRing that was presumably prescribed by different healthcare providers"); <u>In re Rezulin Prods. Liab. Litig.</u>, 168 F. Supp. 2d at 145-46 (prescription drug plaintiffs' claims fraudulently misjoined where they did not "allege that they received Rezulin from the same source or that they were exposed to Rezulin for similar periods of time" and where they alleged "different injuries"); <u>In re Fosamax (Alendronate Sodium) Prods. Liab. Litig. (No. II)</u>, 2012 WL 1118780, at *5 (D.N.J. Apr. 3, 2012) (holding plaintiffs egregiously misjoined due to "the factual, temporal, and geographic diversity among Plaintiffs' claims [due to which] . . . no "reasonable person would normally expect [them] to be tried together"") (citation omitted).

    30.    In sum, there is no apparent connection among plaintiffs' claims, beyond the fact they allege they at some point underwent gynecological procedures that involved a KARL STORZ morcellator and were subsequently found to have cancer. <u>See</u>, e.g., <u>Welch</u>, 2012 U.S. Dist. LEXIS at 48114 (finding fraudulent misjoinder under Missouri

14

law and observing "there is evidence that Plaintiffs structured their complaint in order to defeat diversity jurisdiction" and holding that the claims were not properly joined because it was "impossible to determine how the Plaintiffs share any connection"); Greene v. Wyeth, 344 F. Supp. 2d 674, 684 (D. Nev. 2004) (holding plaintiffs fraudulently misjoined because "the ingestion of medication among various Plaintiffs alone cannot constitute the 'same transaction or occurrence.' "). This superficial commonality is grossly inadequate to satisfy the same transaction or occurrence requirement of the California joinder rules. Cal. Code Civ. Proc. § 378(a); compare Moe v. Anderson, 207 Cal. App. 4th 826, 847 (2012) (affirming demurrer without leave to amend where plaintiffs' sexual harassment claims against defendant doctor could not properly be joined because assaults took place on different dates and therefore did not arise out of same transaction or series of transactions, even if negligence claims against doctor's employer were properly joined), and Farmers Ins. Exch. v. Adams, 170 Cal. App. 3d 712, 723 (1985) (holding that damage homeowners experienced from heavy storm in Northern California did not arise out of same transaction or occurrence because storm caused damage to "innumerable types of structures... at widely separated locations from within the state," making joinder of defendant insureds' claims inappropriate) (disapproved on other grounds by Garvey v. State Farm Fire & Cas. Co., 48 Cal. 3d 395, 411 fn.10 (1989)), with Anaya v. Superior Court, 160 Cal. App. 3d 228 (1984) (allowing joinder where plaintiffs' claims all arose out of the same chemical exposure at a single location against a single oil company defendant).

      31.    The erroneous joinder of these various claims will not serve to promote the efficient resolution of these claims. The result will be quite the opposite. As the court observed in Chaney, "[t]he joinder of several plaintiffs who have no connection to each other in no way promotes trial convenience or expedites the adjudication of the asserted claims. Rather, the joinder of such unconnected, geographically diverse plaintiffs that present individual circumstances material to the final outcome of their respective claims

would obstruct and delay the adjudication process." <u>Chaney v. Gate Pharm. (In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.)</u>, No. Civ. A. 98-20478, 1999 WL 554584, at *3-4 (E.D. Pa. July 16, 1999).

32.   Accordingly, this Court should and must disregard the citizenship of JOANNE MURPHY.

>   **2.   Plaintiffs' Intent to Evade Federal Subject Matter Jurisdiction Is Plain.**

33.   Egregiousness is not a required showing for fraudulent misjoinder of plaintiffs. <u>See Greene</u>, 344 F. Supp. 2d at 685 (rejecting requirement of "egregious" misjoinder in order for fraudulent misjoinder rule to apply: "In so holding, the Court rejects the notion that Plaintiffs have committed an egregious act or a fraud upon the Court. In [the Ninth] [C]ircuit, fraudulent joinder is a term of art which "does not impugn the integrity of plaintiffs or their counsel and does not refer to an intent to deceive."). In the instant matter, the claims of LISA M. MISKELLA and JOANNE MURPHY, two claims that do not share particular or overwhelming similarities—certainly no more than the various other recently filed claims involving KARL STORZ morcellators—are lumped together in a crass and cynical attempt to defeat diversity jurisdiction.

34.   On the face of the Complaint, the issue of impermissible manipulation of jurisdiction to attempt to defeat defendants' statutory right of removal is plainly raised where a California plaintiff is joined to the lawsuit of a temporally and geographically unrelated Connecticut plaintiff, particularly when there are other ongoing KARL STORZ morcellator litigations California that JOANNE MURPHY could have joined instead. <u>See O'Neil v. Karl Storz</u> (LASC No. BC581718); <u>Chan v. Karl Storz</u> (LASC No. BC587608); Anderson v. Karl Storz (LASC No. BC588075).

35.   Plaintiffs' Complaint contains no factual allegations demonstrating any particular connection between the claims of JOANNE MURPHY and LISA M.

MISKELLA such that would justify their joinder in a single lawsuit.  The reason behind plaintiffs' tactics is plain: JOANNE MURPHY and LISA M. MISKELLA have joined in this action for the sole purpose of defeating federal diversity jurisdiction. Severing and remanding the claims of JOANNE MURPHY pursuant to Federal Rule of Civil Procedure 21 will not deprive her of the forum of her choice or any costs and efficiencies of being temporarily joined until their cases are severed as required by law. See, e.g., Greene v. Wyeth, 344 F. Supp. 2d 674, 685 (D. Nev. 2004) ("the Court is inclined to sever claims where the joinder is procedurally inappropriate and clearly accomplishes no other objective than the manipulation of the forum, and where the rights of the parties and interest of justice is best served by severance"). Such a ruling simultaneously will uphold defendants' statutory right of removal.

36.     Under these circumstances and in the light of the command of the United States Supreme Court set forth in its decisions such as Wecker, supra, the District Court clearly has the authority to sever the claims of JOANNE MURPHY under Fed. R. Civ. P. Rules 20 and 21 on the grounds that she has been improperly joined and their citizenship shall therefore not be considered for purposes of determining whether diversity jurisdiction exists.[2]

37.     Accordingly, this Court should disregard the citizenship of the two New Jersey Plaintiffs under fraudulent misjoinder jurisprudence. The Court should sever the

---

[2] In addition, defendants note that Rule 21 "permits a district court to retain diversity jurisdiction over a case by dropping a non-diverse party if that party's presence in the action is not required under Federal Rule of Civil Procedure 19." Safeco Inc. Co. of Am. v. City of White House, 36 F.3d 540, 545 (6th Cir. 1994); see, e.g., Elliott v. Tilton, 89 F.3d 260, 262 (5th Cir. 1996) ("We recognize that under Newman-Green, Inc. v. Alfonzo-Larrain, this Court has the authority to dismiss dispensable nondiverse parties."); Cortez v. Frank's Casing Crew & Rental Tools, 2007 WL 397488, at *2 (S.D. Tex. Jan. 31, 2007) ("Rule 21 ... permits district courts to dismiss non-diverse parties who are not indispensable so long as it does not prejudice any of the parties.").

non-diverse Plaintiffs' cases and remand them to state court while exercising jurisdiction over the overwhelming majority of Plaintiffs who are diverse from Defendants.

## II.     KARL STORZ HAS SATISFIED THE PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL

38.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon and by Ethicon, Inc. are attached as Exhibit A to the Declaration of Harlan N. Petoyan.

39.     Los Angeles County, California, is located within the Central District of California, Western Division, see 28 U.S.C. § 84(c)(2), and, venue for this action is proper in this Court under 28 U.S.C. § 1441(a) because the Central District of California, Western Division, is the "district and division embracing the place where such action is pending."

40.     KARL STORZ was served with a copy of the Complaint on July 20, 2015. Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

41.     The remaining defendant, Karl Storz GMBH & Co. KG is an international entity and has not yet been served. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (consent to remove of unserved defendants not required); Salveson v. W. States Bankcard Ass'n, 731 F.2d 1423, 1429 (9th Cir. 1984) (same).

42.     No previous application has been made for the relief requested herein.

43.     Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice will be delivered to Plaintiffs' counsel, as required by 28 U.S.C. § 1446(d).

44.     KARL STORZ will promptly file a copy of this Notice with the Clerk of Court in the Superior Court of the State of California, County of Los Angeles, as required by 28 U.S.C. § 1446(d).

45.     By removing this action to this Court, KARL STORZ does not waive any defenses, objections, or motions available under state or federal law. KARL STORZ

1   expressly reserves the right to move for dismissal of some or all of Plaintiffs' claims

2   pursuant to Rule 12 of the Federal Rules of Civil Procedure.

3          WHEREFORE, KARL STORZ gives notice that the matter bearing civil action

4   number BC587002 in the Superior Court of the State of California, County of Los

5   Angeles, is removed to this Court pursuant to 28 U.S.C. § 1441 et seq.

6

7   Dated: August 19, 2015          REBACK, MCANDREWS, KJAR,
8                                   WARFORD, STOCKALPER & MOORE, LLP

9

10

11                          By:  _____/S/_____
12                               PATRICK E. STOCKALPER
                                 HARLAN N. PETOYAN
13                               Attorneys for Defendants,
                                 KARL STORZ ENDOSCOPY-AMERICA, INC.,
14                               A California Corporation; and KARL STORZ
15                               ENDOVISION, INC., a Massachusetts
                                 Corporation
16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE -- §1013a <u>CODE OF CIVIL PROCEDURE</u>,
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 1230 Rosecrans Avenue, Suite 450, Manhattan Beach, California 90266.

On **August 19, 2015** I served the foregoing document described as:

**NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(B) (DIVERSITY)
OF DEFENDANT, KARL STORZ**

on all interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

**<u>SEE ATTACHED SERVICE LIST</u>**

XX    **By Mail**  I caused such envelope to be deposited in the mail at Manhattan Beach, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

**By Facsimile** by facsimile machine, which facsimile machine's fax number is 310-297-9800, to the following facsimile numbers of the interested parties listed herein as follows. The facsimile machine I used complied with California <u>Rules of Court</u>, Rule 2003(3) and the transmission was reported as complete and without error.  Pursuant to Rule 2008(e)(4), a copy of the transmission report, properly issued by the transmitting facsimile machine, is attached to this proof of service.

**By Express Mail** I caused such envelope to be deposited in the mail at Manhattan Beach, California.  The envelope was mailed with Express Mail postage thereon fully prepaid.

**By Overnight Delivery** I caused such envelope to be sent via overnight delivery service.  The envelope was deposited in or with a facility regularly maintained by the express service carrier with delivery fees paid or provided for.

XX    **State**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **August 19, 2015**, at Manhattan Beach, California.

_____ / S / _____
Kathleen Slevcove

20

## SERVICE LIST

### Sylvia A. O'Neil, et al. v. Karl Storz Endoscopy-America, Inc.

LASC Case No.: BC581718
Our File No: 348-3

| | |
|---|---|
| Paul Kiesel, Esq.<br>Helen Zukin, Esq.<br>Steven D. Archer, Esq.<br>Mariana Aroditis, Esq.<br>KIESEL LAW LLP<br>8648 Wilshire Blvd.<br>Beverly Hills, CA 90211-2910<br>T: (310) 854-4444<br>F: (310) 854-0812 | Attorneys for Plaintiffs,<br>**SYLVIA A. O'NEIL, as Surviving Daughter of ROSINE HERNANDEZ, Deceased, and as Executor of the Estate of ROSINE HERNANDEZ, Deceased, VERONICA O. HERNANDEZ, as Surviving Daughter of ROSINE HERNANDEZ, Deceased.** |
| Sean P. Tracey, Esq.<br>Rebecca B. King, Esq.<br>Andy Rubenstein, Esq.<br>TRACEY & FOX<br>440 Louisiana, Suite 1901<br>Houston, Texas 77002<br>T: (713) 495-2333<br>F: (866) 709-2333 | Attorneys for Plaintiffs,<br>**SYLVIA A. O'NEIL, as Surviving Daughter of ROSINE HERNANDEZ, Deceased, and as Executor of the Estate of ROSINE HERNANDEZ, Deceased, VERONICA O. HERNANDEZ, as Surviving Daughter of ROSINE HERNANDEZ, Deceased** |