1   PATRICK E. STOCKALPER, SBN 156954
    HARLAN N. PETOYAN, SBN 272429
2   REBACK, MCANDREWS, KJAR,
    WARFORD, STOCKALPER & MOORE, LLP
3   1230 Rosecrans Avenue, Suite 450
    Manhattan Beach, California  90266
4   Telephone (310) 297-9900
5   Facsimile (310) 297-9800

6   Attorneys for Defendants,
7   KARL STORZ ENDOSCOPY-AMERICA, INC.,
    A California Corporation; and KARL STORZ
8   ENDOVISION, INC., a Massachusetts Corporation

9

10              UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12   JOANNE MURPHY, an Individual;     )   **Case No.:** 2:15-cv-6303
13   and LISA M. MISKELLA, an          )
     Individual,                       )   [Action filed: May 12, 2015]
14                                     )   Assigned to: Hon. Deirdre H. Hill
15          Plaintiffs,                )   Dept. 49
                                       )
16                                     )
           v.                          )
17                                     )
18   KARL STORZ ENDOSCOPY-            )   **DECLARATION OF HARLAN N.**
     AMERICA, INC., a California       )   **PETOYAN OF DEFENDANT KARL**
19   Corporation; KARL STORZ          )   **STORZ'S NOTICE OF REMOVAL OF**
20   ENDOVISION, INC., a              )   **ACTION UNDER 28 U.S.C. § 1441**
     Massachusetts Corporation; KARL  )   **[DIVERSITY OF CITIZENSHIP]**
21   STORZ GMGH & CO. KG, A           )
22   Business Entity Form Unknown, and )
     DOES 1 through 1000, inclusive,   )
23                                     )
24          Defendants.                )
25                                     )
26                                     )
27   _____   )

28

                                    1

1     1.     I am an attorney at law duly admitted to practice law in the State of

2  California. I am an associate with the law firm of Reback, Mcandrews, Kjar, Warford,

3  Stockalper & Moore, LLP, attorneys of record for defendants KARL STORZ

4  ENDOSCOPY-AMERICA, INC. and KARL STORZ ENDOVISION, INC. (collectively

5  "KARL STORZ"). I have personal firsthand knowledge of the facts stated in this

6  declaration. If called to testify, I could and would competently testify to each and every

7  one. I make this declaration in support of KARL STORZ 's Notice of Removal of Action

8  pursuant to 28 U.S.C. section 1441 (diversity of citizenship).

9     2.     On or about July 20, 2015, plaintiffs JOANNE MURPHY and LISA M.

10  MISKELLA ("plaintiffs") filed the underlying Complaint in the Superior Court of the

11  State of California, County of Los Angeles, Case No. BC587002.

12     3.     For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1),

13  defendant, KARL STORZ ENDOSCOPY-AMERICA, INC. is a citizen of the State of

14  California because it is incorporated in the State of California and has its principal place

15  of business at 2151 E. Grand Avenue, El Segundo, California.

16     4.     For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1),

17  defendant, KARL STORZ ENDOVISION, INC. is a citizen of the State of

18  Massachusetts because it is incorporated in the State of Massachusetts and has its

19  principal place of business in Charlton, Massachusetts.

20     5.     The jurisdictional threshold regarding the amount in controversy has been

21  met.  Plaintiffs served a statement of damages wherein plaintiff's claim $10,000,000.00

22  in general damages.

23  / / /

24  / / /

25  / / /

26  / / /

27

28

DECLARATION OF HARLAN N. PETOYAN OF DEFENDANT KARL STORZ'S NOTICE OF REMOVAL OF
ACTION UNDER 28 U.S.C. § 1441 [DIVERSITY OF CITIZENSHIP]

1    6.    Pursuant to 28 U.S.C. § 1446(a), a copy of all process and pleadings served

2   upon KARL STORZ are attached as Exhibit A.

3    I declare under penalty of perjury under the laws of the United State of America

4   and the laws of the State of California that the foregoing statements are true and correct.

5    Executed this 19th day of August 2015, at Manhattan Beach, California.

6

7

8    By:    _____/S/_____

9    HARLAN N. PETOYAN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF HARLAN N. PETOYAN OF DEFENDANT KARL STORZ'S NOTICE OF REMOVAL OF
ACTION UNDER 28 U.S.C. § 1441 [DIVERSITY OF CITIZENSHIP]

# EXHIBIT "A"

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

KARL STORZ ENDOSCOPY - AMERICA, INC., a California
Corporation; See Additional Parties Attachment

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

JOANNE MURPHY, an Individual; and LISA M. MISKELLA, an
Individual

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 10 2015

Sherri R. Carter, Executive Officer/Clerk
By: Kristina Vargas, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: |
| (El nombre y dirección de la corte es): | (Número del Caso): BC 587 002 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
111 N. Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Paul R. Kiesel, Esq., Kiesel Law LLP, 8648 Wilshire Blvd., Beverly Hills, CA 90211; (310) 854-4444

| DATE: | SHERRI R. CARTER | Clerk, by | Kristina Vargas | , Deputy |
| (Fecha): | | (Secretario) | | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

JUL 10 2015

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☑ on behalf of (specify): *Karl Storz Endoscopy - America, Inc., A California corporation*

   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☑ by personal delivery on (date):

Page 1 of 1

| Form Adopted for Mandatory Use | SUMMONS | Code of Civil Procedure §§ 412.20, 465 |
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Joanne Murphy, etc., et al. v. Karl Storz Endoscopy-America, Inc. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

[ ] Plaintiff   [✓] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

KARL STORZ ENDOVISION, INC., a Massachusetts Corporation; KARL STORZ GMBH & CO. KG, A Business Entity Form Unknown, and DOES 1 through 1000, inclusive

Page __2__ of __2__

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

JUL 10 2015

Sherri R. Carter, Executive Officer/Clerk
By: Kristina Vargas, Deputy

1  Paul R. Kiesel, State Bar No. 119854
   *kiesel@kiesel-law.com*
2  Helen Zukin, State Bar No. 117933
   *zukin@kiesel-law.com*
3  Steven D. Archer, State Bar No. 63834
   *archer@kiesel-law.com*
4  Mariana Aroditis, State Bar No. 273225
   *aroditis@kiesel-law.com*
5  **KIESEL LAW LLP**
   **8648 Wilshire Boulevard**
6  Beverly Hills, California 90211-2910
   Tel.:   310-854-4444
7  Fax:   310-854-0812

8  Sean P. Tracey, *Pro Hac Vice* Pending
   *stracey@traceylawfirm.com*
9  Rebecca B. King, *Pro Hac Vice* Pending
   *rking@traceylawfirm.com*
10 Andy Rubenstein, *Pro Hac Vice* Pending
   *arubenstein@traceylawfirm.com*
11 **TRACEY & FOX**
   440 Louisiana, Suite 1901
12 Houston, Texas 77002
   Tel.:   713-495-2333
13 Fax:   866-709-2333

14 Attorneys for Plaintiffs

15           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

16               **FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| 17  JOANNE MURPHY, an Individual; and LISA M. MISKELLA, an Individual, | Case No.  **BC 5 8 7 0 0 2** |
| 18 | **COMPLAINT FOR DAMAGES** |
| 19        Plaintiffs, | |
| 20        v. | 1.   **STRICT PRODUCTS LIABILITY FAILURE TO WARN** |
| 21  KARL STORZ ENDOSCOPY-AMERICA, INC., a California Corporation; KARL | 2.   **NEGLIGENCE** 3.   **GROSS NEGLIGENCE** |
| 22  STORZ ENDOVISION, INC., a Massachusetts Corporation; KARL STORZ | 4.   **NEGLIGENT MISREPRESENTATION** |
| 23  GMBH & CO. KG, A Business Entity Form Unknown, and DOES 1 through 1000, | 5.   **FRAUDULENT CONCEALMENT** 6    **STRICT PRODUCTS LIABILITY** |
| 24  inclusive, | **FAILURE TO WARN** |
| 25        Defendants. | 7.   **NEGLIGENCE** 8.   **GROSS NEGLIGENCE** |
| 26 | 9.   **NEGLIGENT MISREPRESENTATION** |
| 27 | 10.  **FRAUDULENT CONCEALMENT** |
| 28 | **DEMAND FOR JURY TRIAL** |

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

COME NOW the Plaintiffs, JOANNE MURPHY, an Individual [hereinafter alternatively referred to as "JOANNE MURPHY" and/or "Ms. Murphy"], and LISA M. MISKELLA, an Individual [hereinafter alternatively referred to as "LISA M. MISKELLA" and/or "Ms. Miskella"], by and through their attorneys of record, Kiesel Law LLP and Tracey & Fox, and hereby allege causes of action against the Defendants, and each of them, as follows:

## <u>NATURE OF THE ACTION</u>

1.      On December 18, 2010 JOANNE MURPHY underwent laparoscopic gynecologic surgery for what was thought to be benign fibroids. That surgery was performed utilizing Defendants' Storz Morcellator. This technique involves fragmenting the fibroid and/or uterus such that it can pass through a small incision (i.e. the laparoscope port itself).  Unfortunately, what was thought to be benign fibroids, was in fact, a deadly uterine cancer known as endometrial stromal sarcoma ("ESS"). Ms. Murphy was diagnosed with ESS shortly after her surgery based upon the pathological analysis of the morcellated uterine tissues.

2.      In cutting, shredding and fragmenting the uterus and fibroid within Ms. Murphy, the Storz Morcellator disseminated and seeded ESS cancer throughout her abdominal cavity thereby significantly worsening her long-term prognosis and the natural course of this cancer.

3.      On March 6, 2012 LISA MISKELLA underwent laparoscopic gynecologic surgery for what was thought to be a benign fibroid. That surgery was performed utilizing Defendants' Storz Morcellator. This technique involves fragmenting the fibroid and/or uterus such that it can pass through a small incision (i.e. the laparoscope port itself).  Unfortunately, what was thought to be a benign fibroid, was in fact, a deadly uterine cancer known as endometrial stromal sarcoma ("ESS"). Ms. Miskella was diagnosed with ESS shortly after her surgery based upon the pathological analysis of the morcellated uterine tissues.

4.      In cutting, shredding and fragmenting the uterus and fibroid within Ms. Miskella, the Storz Morcellator disseminated and seeded ESS cancer throughout her abdominal cavity thereby significantly worsening her long-term prognosis and the natural course of this cancer.

///

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

### PARTIES

5.     Plaintiff JOANNE MURPHY is a resident of the County of Los Angeles, State of California.

6.     Plaintiff JOANNE MURPHY suffered bodily injuries and other damages as a direct and proximate result of the use upon and within her of a defective and unreasonably dangerous surgical instrument, the Storz 12-mm power morcellator [hereinafter referred to as the "Storz Morcellator"] during a laparoscopic supracervical hysterectomy procedure for the treatment of uterine fibroids that was performed upon her on December 18, 2010 in Long Beach, California.

7.     Plaintiff LISA M. MISKELLA is a resident of the County of New Haven, State of Connecticut.

8.     Plaintiff LISA M. MISKELLA suffered bodily injuries and other damages as a direct and proximate result of the use upon and within her of a defective and unreasonably dangerous surgical instrument, the Storz 12-mm power morcellator [hereinafter referred to as the "Storz Morcellator"] during a laparoscopic supracervical hysterectomy procedure for the treatment of a uterine fibroid that was performed upon her on March 6, 2012 in New Haven, Connecticut.

9.     Defendant KARL STORZ ENDOSCOPY-AMERICA, INC. [hereinafter referred to as "KS Endoscopy"], is a California corporation with its principal place of business at 2151 E. Grand Avenue, El Segundo, CA, 90245 and has an agent authorized to accept service on its behalf within the State of California. At all times relevant herein, Defendant KS Endoscopy was engaged in the business of manufacturing, marketing, testing, promoting, selling and/or distributing Storz Morcellators.

10.     Defendant KARL STORZ ENDOVISION, INC. [hereinafter referred to as "KS Endovision'] is a foreign corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business in Charlton, Massachusetts. At all times relevant herein, Defendant KS Endovision has done and is doing business in California and has an agent authorized to accept service on its behalf within the State of California. At all times relevant herein, Defendant KS Endovision was engaged in the business of designing, manufacturing, marketing, testing, promoting, selling and/or distributing Storz Morcellators.

3

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

11.     Defendant KARL STORZ GMBH & CO. KG, A Business Entity Form Unknown, [hereinafter referred to as "Karl Storz"] is a foreign entity organized in Germany with its principal place of business at Dr. Karl-Storz-Straße 34, 78532 Tuttlingen, Germany. Upon information and belief, Defendant Karl Storz is the parent company of Defendants KS Endoscopy and KS Endovision. At all times relevant herein, Defendant Karl Storz was engaged in the business of designing, manufacturing, marketing, testing, promoting, selling and/or distributing Storz Morcellators in various countries and states including the State of California.

12.     Plaintiffs are informed and believe and, based upon such information and belief, allege that Defendants KS Endoscopy and KS Endovision have purposefully availed themselves of the benefits of doing business in the State of California through their designing, manufacturing, marketing, testing, promoting, selling and/or distributing of the Storz Morcellator, by placing it into the stream of commerce for those purposes, and by promoting, selling and intending its use for the surgery of Plaintiff JOANNE MURPHY in the State of California and on Plaintiff LISA M. MISKELLA in the State of Connecticut. Since both Defendants KS Endoscopy and KS Endovision are the alter egos of Defendant Karl Storz, all of the above activities are imputed to and ratified by Defendant Karl Storz as well.

13.     The true names or capacities, whether individual, corporate, associate, or otherwise of Defendant DOES 1 through 1000, inclusive, and each of them, are unknown to Plaintiffs who, therefore, sue said Defendants by such fictitious names. Plaintiffs are informed and believe and, based upon such information and belief, allege that each of said Defendants designated herein as a DOE is responsible, in some manner, for the events and happenings herein referred to, and caused injury and damages thereby to the Plaintiff as herein alleged.

14.     Plaintiffs are informed and believe and, based upon such information and belief, allege that at all times relevant herein the Defendants, and each of them, were the agents, servants, employees and joint venturers of each other and at all times herein mentioned each and all were acting within the course, scope and purpose of their respective agency, service, employment and joint venture relationships.

///

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

4

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

15.     In the interest of clarity, this Complaint refers to Defendant KS Endoscopy, Defendant KS Endovision, Defendant Karl Storz and DOES 1 through 1000, inclusive, and each of them, collectively as "Defendants."

## VENUE AND JURISDICTION

16.     Venue is proper in the Superior Court of the County of Los Angeles, State of California pursuant to California *Code of Civil Procedure* § 395(a), in that Defendant KS Endoscopy is a California Corporation with its principal place of business at 2151 E. Grand Avenue, El Segundo, CA, 90245 and has been and still is doing business within the County of Los Angeles, State of California.

17.     The Federal Courts do not have subject matter or removal jurisdiction over this cause and, therefore, it is not removable. Specifically, pursuant to 28 U.S.C. § 1441(b), this action is not removable and the Superior Court of the County of Los Angeles, State of California has jurisdiction of this case as Defendant KS Endoscopy is a California Corporation with its principal place of business at 2151 E. Grand Avenue, El Segundo, CA, 90245. In addition, no federal question is involved. As such, any removal of this case to federal court would be wrongful and fraudulent and done solely for the purposes of delay. Therefore, should one or more of the Defendants seek to improperly remove this case to federal court, the Plaintiffs will seek sanctions.

18.     Any and all conditions precedent to the filing of this suit have been satisfied.  This Court has jurisdiction of this cause because the Plaintiff seeks damages which are in excess of this Court minimum jurisdictional limits, Defendant KS Endoscopy is a California Corporation with its principal place of business at 2151 E. Grand Avenue, El Segundo, CA, 90245 and all other Defendants have and continue to engage in business in the State of California.

## DISCOVERY RULE AND FRAUDULENT CONCEALMENT

19.     The nature of Ms. Murphy's injuries and their relationship to Storz Morcellator use were inherently undiscoverable; and consequently, the discovery rule should be applied to toll the running of the statute of limitations. The causes of action arising from the utilization of a Storz

5

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1   Morcellator to power morcellate or cut into small fragments Ms. Murphy's uterus and fibroid during

2   her laparoscopic supracervical hysterectomy did not and could not have accrued prior to the date of

3   her injury because Plaintiff did not know and could not have known through the exercise of

4   reasonable care and diligence of the existence of Plaintiff's claims against Defendants.

5        20.    Further, prior to the date of her injuries, Plaintiff did not have knowledge of facts

6   that would lead a reasonable, prudent person to make inquiry to discover Defendants' tortious

7   conduct. Under appropriate application of the "discovery rule," Plaintiff's suit was filed within the

8   applicable statutory limitations period because Plaintiff filed this lawsuit within three (3) years from

9   the date of Plaintiff's discovery of the cause of her injury.

10       21.    The nature of Ms. Miskella's injuries and their relationship to Storz Morcellator use

11  were inherently undiscoverable; and consequently, the discovery rule should be applied to toll the

12  running of the statute of limitations. The causes of action arising from the utilization of a Storz

13  Morcellator to power morcellate or cut into small fragments Ms. Miskella's uterus and fibroid

14  during her laparoscopic supracervical hysterectomy did not and could not have accrued prior to the

15  date of her injury because Plaintiff did not know and could not have known through the exercise of

16  reasonable care and diligence of the existence of Plaintiff's claims against Defendants.

17       22.    Further, prior to the date of their respective injuries, neither Plaintiff had knowledge

18  of facts that would lead a reasonable, prudent person to make inquiry to discover Defendants'

19  tortious conduct. Under appropriate application of the "discovery rule," each Plaintiff's suit was

20  filed within the applicable statutory limitations period because each Plaintiff filed this lawsuit

21  within two (2) years from the date of their respective discovery of the cause of their respective

22  injury.

23       23.    Moreover, Defendants fraudulently concealed from Plaintiffs the nature of their

24  respective injuries and the connection between the injuries and Storz Morcellators.

25

26  **GENERAL ALLEGATIONS AS TO PLAINTIFF JOANNE MURPHY**

27       24.    The causes of action alleged in this suit on behalf of Plaintiff JOANNE MURPHY

28  arise from the personal injuries that were sustained by her as a direct and proximate result of the

6

wrongful acts of the Defendants, and each of them. On or about December 18, 2010, Plaintiff JOANNE MURPHY underwent a laparoscopic supracervical hysterectomy for the treatment of uterine fibroids. The surgeon who performed the surgery utilized the Storz Morcellator to power morcellate or cut into small fragments Ms. Murphy's uterus and fibroids. Unfortunately, what was thought to be benign fibroids was in fact, a deadly uterine cancer known as endometrial stromal sarcoma ("ESS"). Ms. Murphy was diagnosed with ESS shortly after her surgery based upon the pathological analysis of the morcellated uterine tissues.

25.    In cutting, shredding and fragmenting the uterus and fibroid within Ms. Murphy's body, the Storz Morcellator disseminated and seeded ESS cancer throughout her abdominal cavity thereby accelerating the spread of her cancer and worsening her long-term prognosis and the natural course of her cancer.

26.    Had the Storz Morcellator not disseminated and seeded ESS cancer cells throughout Ms. Murphy's abdomen during the surgical procedure on December 18, 2010, she would have been timely and properly diagnosed based on the pathological analysis of tissue removed by more conservative surgical methods and would not have suffered the spread of ESS. The Storz Morcellator caused the widespread dissemination of this specific cancerous condition, causing grave injury to Ms. Murphy.

27.    The Defendants had actual knowledge and constructive notice of and knew, or in the exercise of reasonable care should have known, of the risk of disseminating and seeding undiagnosed uterine cancers with the normal and customary use of the Storz Morcellator and failed to properly communicate those risks to physicians and/or patients, including Ms. Murphy and her surgeon.

28.    Power morcellators are surgical instruments used in various types on laparoscopic surgeries, including gynecological procedures for the treatment of uterine fibroids. Power morcellators are used to cut, shred and fragment tissue to facilitate the tissue's removal through small incisions.

29.    On or about July 26, 2006 the Defendants received 510(k) clearance by the United States Food and Drug Administration ("FDA") for their Rotocut G1 Electromechanical Morcellator,

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

7

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  describing it as a "motorized, reusable surgical device system, intended for the morcellation and

2  extracting of tissue during laparoscopic procedures in general surgery, gynecology and urology."

3       30.    At all times relevant herein the Defendants promoted the Storz Morcellator as a safe

4  and effective tool for its intended use, including the treatment of uterine fibroids. The Defendants,

5  and each of them, knew or should have known of the risks of power morcellation for the treatment

6  of uterine fibroids, including the risk of disseminating, seeding and upstaging uterine cancer outside

7  the uterus.

8       31.    On April 17, 2014 the FDA issued a safety communication discouraging the use of

9  laparoscopic power morcellation during hysterectomy or myomectomy surgical procedures for

10 uterine fibroids, stating that, "If laparoscopic power morcellation is performed in women with

11 unsuspected uterine sarcoma, there is a risk that the procedure will spread the cancerous tissue

12 within the abdomen and pelvis, significantly worsening the patient's likelihood of long-term

13 survival." The FDA discouraged this practice because of this risk and the fact that "there is no

14 reliable method for predicting whether a woman with fibroids may have a uterine sarcoma."

15      32.    On November 24, 2014, the FDA updated its prior safety communication regarding

16 power morcellators. Rather than merely discouraging power morcellation in the treatment of uterine

17 fibroids, the FDA now warns against "the use of laparoscopic power morcellators in the majority of

18 women undergoing myomectomy or hysterectomy for treatment of fibroids."

19      33.    In its warning, the FDA stated that, "If laparoscopic power morcellation is performed

20 in women with unsuspected uterine sarcoma, there is a risk that the procedure will spread the

21 cancerous tissue within the abdomen and pelvis, significantly worsening the patient's long-term

22 survival."

23      34.    Notwithstanding that the Defendants, and each of them, prior to the announcement of

24 the FDA in April 2014, had actual knowledge and constructive notice and knew or, in the exercise

25 of reasonable care, should have known of the risks of disseminating, seeding and upstaging cancer

26 by the use of their Storz Morcellator the Defendants, and each of them, failed to adequately warn

27 physicians and/or patients, including Ms. Murphy and her surgeon, of the risks.

28 ///

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

8

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

35.     Power morcellators like the Storz Morcellator are not necessary for the treatment of uterine fibroids. Safer, reasonable and more feasible alternative methods of treating uterine fibroids that do not employ the use of a power morcellator exist and have existed for decades. For example, other surgical methods have long been widely used, and are still used, for the safe removal of the uterus and uterine fibroids including, but not limited to, vaginal hysterectomies and abdominal hysterectomies whereby the uterus can be removed intact rather than being fragmented by a power morcellator in such a way that cancer cells are disseminated, seeded and spread throughout the abdomen.

36.     Other reasonable and more feasible alternative designs also existed including the surgical tissue bag method, which has been available since 1991, long before the Storz Morcellator was marketed, sold and used. The Defendants, and each of them, had actual knowledge and constructive notice and knew or, in the exercise of reasonable care, should have known that the use of the tissue bag could help prevent the dissemination, seeding and spread of malignant cells to healthy tissue in the body cavity, yet the Defendants, and each of them, failed to require concomitant use of the bag, or warn that failure to use the tissue bag can lead to the dissemination, seeding and spread of malignant cells and the subsequent development of cancer outside the uterus.

37.     Plaintiff JOANNE MURPHY is informed and believes and, based upon such information and belief, alleges that as of the date of this filing the Storz Morcellator remains on the market.

38.     Prior to and at the time of the design, manufacture, marketing and sale of the Storz Morcellator the Defendants, and each of them, had actual knowledge and constructive notice and knew, or in the exercise of reasonable care, should have known that they were producing defective devices capable of disseminating, seeding and upstaging malignancies when used as designed and intended for the treatment of uterine fibroids. Prior to and at the time of the design, manufacture, marketing and sale of the Storz Morcellator the Defendants, and each of them, had actual knowledge and constructive notice and, knew or, in the exercise of reasonable care, should have known that they were producing defective medical devices that were killing patients and/or injuring

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1   patients. Prior to and at the time of the design, manufacture, marketing and sale of the Storz

2   Morcellator the Defendants, and each of them, had actual knowledge and constructive notice and

3   knew or, in the exercise of reasonable care, should have known that the incidence of undiagnosed

4   uterine cancers far exceeded what the Defendants were representing. Despite the foregoing, the

5   Defendants, and each of them, have and continue to act with reckless and/or intentional disregard

6   for the safety of patients and continue to this day to manufacture and sell Storz Morcellators,

7   knowing that they can and do cause catastrophic injuries and deaths.

8         39.     The Storz Morcellator is unreasonably dangerous because, as in the case of Plaintiff

9   JOANNE MURPHY, it can disseminate, seed and upstage an undiagnosed uterine cancer leading to

10   devastating metastatic cancer and death.

11         40.     Plaintiff JOANNE MURPHY alleges that she is entitled to prejudgment interest on

12   some of the damages that she has suffered as a direct and proximate result of the Defendants, and

13   each of them, actions from the date of her surgery on December 18, 2010, up to and including the

14   date of judgment, according to proof.

15

16         **GENERAL ALLEGATIONS AS TO PLAINTIFF LISA MISKELLA**

17         41.     This suit arises from the personal injuries that were sustained by Plaintiff LISA M.

18   MISKELLA as a direct and proximate result of the wrongful acts of the Defendants, and each of

19   them. On or about March 6, 2012, Plaintiff LISA M. MISKELLA underwent a laparoscopic

20   supracervical hysterectomy for the treatment of a uterine fibroid. The surgeon who performed the

21   surgery utilized the Storz Morcellator to power morcellate or cut into small fragments Ms.

22   Miskella's uterus and fibroid. Unfortunately, what was thought to be a benign fibroid was in fact, a

23   deadly uterine cancer known as endometrial stromal sarcoma ("ESS"). Ms. Miskella was diagnosed

24   with ESS shortly after her surgery based upon the pathological analysis of the morcellated uterine

25   tissues.

26         42.     In cutting, shredding and fragmenting the uterus and fibroid within Ms. Miskella's

27   body, the Storz Morcellator disseminated and seeded ESS cancer throughout her abdominal cavity

28   thereby accelerating the spread of her cancer and worsening her long-term prognosis and the natural

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1    course of her cancer.

2        43.    Had the Storz Morcellator not disseminated and seeded ESS cancer cells throughout

3    Ms. Miskella's abdomen during the surgical procedure on March 6, 2012, she would have been

4    timely and properly diagnosed based on the pathological analysis of tissue removed by more

5    conservative surgical methods and would not have suffered the spread of ESS. The Storz

6    Morcellator caused the widespread dissemination of this specific cancerous condition, causing

7    grave injury to Ms. Miskella.

8        44.    The Defendants had actual knowledge and constructive notice of and knew, or in the

9    exercise of reasonable care should have known, of the risk of disseminating and seeding

10   undiagnosed uterine cancers with the normal and customary use of the Storz Morcellator and failed

11   to properly communicate those risks to physicians and/or patients, including Ms. Miskella and her

12   surgeon.

13       45.    Power morcellators are surgical instruments used in various types on laparoscopic

14   surgeries, including gynecological procedures for the treatment of uterine fibroids. Power

15   morcellators are used to cut, shred and fragment tissue to facilitate the tissue's removal through

16   small incisions.

17       46.    On or about July 26, 2006 the Defendants received 510(k) clearance by the United

18   States Food and Drug Administration ("FDA") for their Rotocut G1 Electromechanical Morcellator,

19   describing it as a "motorized, reusable surgical device system, intended for the morcellation and

20   extracting of tissue during laparoscopic procedures in general surgery, gynecology and urology."

21       47.    At all times relevant herein the Defendants promoted the Storz Morcellator as a safe

22   and effective tool for its intended use, including the treatment of uterine fibroids. The Defendants,

23   and each of them, knew or should have known of the risks of power morcellation for the treatment

24   of uterine fibroids, including the risk of disseminating, seeding and upstaging uterine cancer outside

25   the uterus.

26       48.    On April 17, 2014 the FDA issued a safety communication discouraging the use of

27   laparoscopic power morcellation during hysterectomy or myomectomy surgical procedures for

28   uterine fibroids, stating that, "If laparoscopic power morcellation is performed in women with

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

11

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1  unsuspected uterine sarcoma, there is a risk that the procedure will spread the cancerous tissue
2  within the abdomen and pelvis, significantly worsening the patient's likelihood of long-term
3  survival." The FDA discouraged this practice because of this risk and the fact that "there is no
4  reliable method for predicting whether a woman with fibroids may have a uterine sarcoma."

5       49.    On November 24, 2014, the FDA updated its prior safety communication regarding
6  power morcellators. Rather than merely discouraging power morcellation in the treatment of uterine
7  fibroids, the FDA now warns against "the use of laparoscopic power morcellators in the majority of
8  women undergoing myomectomy or hysterectomy for treatment of fibroids."

9       50.    In its warning, the FDA stated that, "If laparoscopic power morcellation is performed
10  in women with unsuspected uterine sarcoma, there is a risk that the procedure will spread the
11  cancerous tissue within the abdomen and pelvis, significantly worsening the patient's long-term
12  survival."

13       51.    Notwithstanding that the Defendants, and each of them, prior to the announcement of
14  the FDA in April 2014, had actual knowledge and constructive notice and knew or, in the exercise
15  of reasonable care, should have known of the risks of disseminating, seeding and upstaging cancer
16  by the use of their Storz Morcellator the Defendants, and each of them, failed to adequately warn
17  physicians and/or patients, including Ms. Miskella and her surgeon, of the risks.

18       52.    Power morcellators like the Storz Morcellator are not necessary for the treatment of
19  uterine fibroids. Safer, reasonable and more feasible alternative methods of treating uterine fibroids
20  that do not employ the use of a power morcellator exist and have existed for decades. For example,
21  other surgical methods have long been widely used, and are still used, for the safe removal of the
22  uterus and uterine fibroids including, but not limited to, vaginal hysterectomies and abdominal
23  hysterectomies whereby the uterus can be removed intact rather than being fragmented by a power
24  morcellator in such a way that cancer cells are disseminated, seeded and spread throughout the
25  abdomen.

26       53.    Other reasonable and more feasible alternative designs also existed including the
27  surgical tissue bag method, which has been available since 1991, long before the Storz Morcellator
28  was marketed, sold and used. The Defendants, and each of them, had actual knowledge and

12
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1   constructive notice and knew or, in the exercise of reasonable care, should have known that the use
2   of the tissue bag could help prevent the dissemination, seeding and spread of malignant cells to
3   healthy tissue in the body cavity, yet the Defendants, and each of them, failed to require
4   concomitant use of the bag, or warn that failure to use the tissue bag can lead to the dissemination,
5   seeding and spread of malignant cells and the subsequent development of cancer outside the uterus.

6       54.    Plaintiff LISA M. MISKELLA is informed and believes and, based upon such
7   information and belief, alleges that as of the date of this filing the Storz Morcellator remains on the
8   market.

9       55.    Prior to and at the time of the design, manufacture, marketing and sale of the Storz
10  Morcellator the Defendants, and each of them, had actual knowledge and constructive notice and
11  knew, or in the exercise of reasonable care, should have known that they were producing defective
12  devices capable of disseminating, seeding and upstaging malignancies when used as designed and
13  intended for the treatment of uterine fibroids. Prior to and at the time of the design, manufacture,
14  marketing and sale of the Storz Morcellator the Defendants, and each of them, had actual
15  knowledge and constructive notice and, knew or, in the exercise of reasonable care, should have
16  known that they were producing defective medical devices that were killing patients and/or injuring
17  patients. Prior to and at the time of the design, manufacture, marketing and sale of the Storz
18  Morcellator the Defendants, and each of them, had actual knowledge and constructive notice and
19  knew or, in the exercise of reasonable care, should have known that the incidence of undiagnosed
20  uterine cancers far exceeded what the Defendants were representing. Despite the foregoing, the
21  Defendants, and each of them, have and continue to act with reckless and/or intentional disregard
22  for the safety of patients and continue to this day to manufacture and sell Storz Morcellators,
23  knowing that they can and do cause catastrophic injuries and deaths.

24      56.    The Storz Morcellator is unreasonably dangerous because, as in the case of Plaintiff
25  LISA M. MISKELLA, it can disseminate, seed and upstage an undiagnosed uterine cancer leading
26  to devastating metastatic cancer and death.

27      57.    Plaintiff LISA M. MISKELLA alleges that she is entitled to prejudgment interest on
28  some of the damages that she has suffered as a direct and proximate result of the Defendants, and

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1  each of them, actions from the date of her surgery on March 6, 2012, up to and including the date of

2  judgment, according to proof.

3                    **FIRST CAUSE OF ACTION**
                 **Strict Products Liability – Failure to Warn**
4            **by Plaintiff JOANNE MURPHY as Against All Defendants**

5       58.    Plaintiff JOANNE MURPHY re-alleges and incorporates herein by reference each

6  and every allegation set forth in the Nature of the Action as set forth in Paragraphs 1 through 2,

7  inclusive, Parties as set forth in Paragraphs 5 through 6 and 9 through 15, inclusive, Venue and

8  Jurisdiction as set forth in Paragraphs 16 through 18, inclusive, and the General Allegations as to

9  Plaintiff JOANNE MURPHY as set forth in Paragraphs 24 through 40, inclusive as though fully set

10  forth at this point.

11      59.    The Storz Morcellator was defective and unreasonably dangerous when it left the

12  possession of the Defendants because it did not contain adequate warnings that would have

13  informed the ordinary user of the specific risks of harm that may be involved in the intended use of

14  the Storz Morcellator including, but not limited to:

15            a.    The difficulty of effectively diagnosing cancer prior to (or during) surgery

16                  with available diagnostic tools;

17            b.    The actual prevalence of undiagnosed uterine cancers in women undergoing

18                  power morcellation;

19            c.    The actual rates at which power morcellators disseminate and/or upstage

20                  cancer;

21            d.    The fact that power morcellators are associated with worsened long-term

22                  medical outcomes than other fibroid treatments because of the risk of uterine

23                  cancer being spread and implanted by the use of the device;

24            e.    The fact that in the event that cancer was discovered after power

25                  morcellation, staging and pathological diagnosis could be impeded, thus

26                  yielding a worsened prognosis and outcome for the patient;

27            f.    The risks of spreading and upstaging cancer through the use of a Storz

28                  Morcellator leading to the need for additional treatment and procedures

                                        14
                   **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

and/or the need for additional surgery as well as other severe and permanent health consequences, notwithstanding Defendants' knowledge of the increased risk of these injuries and side effects with the use of a Storz Morcellator over other forms of treatment

60.    The use of the Storz Morcellator in Plaintiff JOANNE MURPHY's surgery was reasonably foreseeable as the Storz Morcellator was used in the manner for which Defendants intended.

61.    Plaintiff JOANNE MURPHY could not, by the exercise of reasonable care, have discovered the defects herein mentioned and perceived her danger.

62.    The Defendants, and each of them, as the manufacturers, designers, distributors and/or sellers of the Storz Morcellator are each held to the level of knowledge of an expert in the field.

63.    Plaintiff JOANNE MURPHY, individually and through her physicians, reasonably relied upon the skill, superior knowledge and judgment of the Defendants, and each of them, in consenting to the use of the Storz Morcellator on December 18, 2010.

64.    The warnings that were given by the Defendants, and each of them, were not sufficiently informative, accurate or clear.

65.    The warnings that were given by the Defendants, and each of them, failed to properly warn physicians of the increased risks associated with the use of the Storz Morcellator subjecting Plaintiff JOANNE MURPHY to risks that exceeded the benefits of the product including, but not limited to, the risks of disseminating, spreading and/or upstaging cancer, the need for additional treatment and procedures and/or the need for additional surgery as well as other severe and permanent health consequences. The Defendants, and each of them, had a duty to warn the Plaintiff and her physicians of the dangers associated with the use of the Storz Morcellator.

66.    Had Plaintiff JOANNE MURPHY received adequate warnings regarding the risks of the use of the Storz Morcellator, she would not have allowed it to be used in her surgery on December 18, 2010.

///

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

67. Plaintiff JOANNE MURPHY suffered injuries and damages that were proximately caused by the Defendants, and each of them, failure to warn when the Storz Morcellator was used as designed and intended in her laparoscopic supracervical hysterectomy on December 18, 2010.

68. As a sole, direct and proximate result of the above-described negligence, conduct and tortious acts and omissions of the Defendants, and each of them, Plaintiff JOANNE MURPHY was injured and hurt in her health, strength and activity, sustaining serious personal injuries to her body including, but not limited to, the dissemination, spread and upstaging of a deadly uterine cancer known as endometrial stromal sarcoma ("ESS") and other as-yet undiagnosed injuries all of which have required hospitalization and all of which continue to require medical care and treatment all to her general and non-economic damages in an amount which is in excess of this Court's minimum jurisdictional amount and which will be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

69. That as a further, direct and proximate result of the above-described negligence, conduct and tortious acts and omissions of the Defendants, and each of them, and the injuries sustained as a sole, direct and proximate result of the use of the Storz Morcellator in her laparoscopic supracervical hysterectomy on December 18, 2010, Plaintiff JOANNE MURPHY was required to undergo and endure hospital and medical care and treatment all to her special and economic damages. Plaintiff JOANNE MURPHY is informed and believes and, based upon such information and belief, alleges that some of these injuries will be permanent, all to her special and economic damages in an amount which will be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

70. That as a further, direct and proximate result of the above-described negligence, conduct and tortious acts and omissions of the Defendants, and each of them, and the injuries sustained as a sole, direct and proximate result of the use of the Storz Morcellator in the laparoscopic supracervical hysterectomy on December 18, 2010, Plaintiff JOANNE MURPHY was prevented from attending to her usual occupation. Plaintiff JOANNE MURPHY is informed and believes and, upon such information and belief, alleges that she will be prevented from attending to her usual occupation for a period of time in the future and that she has also sustained a loss of

16

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1 earning capacity, in addition to lost earnings, past and future. The exact amount of such past and

2 future lost earnings and loss of earning capacity is unknown to Plaintiff JOANNE MURPHY.

3 When said amounts are ascertained, Plaintiff JOANNE MURPHY will ask leave of Court to amend

4 this Complaint and allege said amounts according to proof, pursuant to California *Code of Civil*

5 *Procedure* § 425.10.

6      71.     For these reasons the Defendants, and each of them, are strictly liable under

7 applicable products liability law without regard to proof of negligence. The Defendants' failure to

8 warn and/or instruct was a direct and proximate cause of Plaintiff JOANNE MURPHY's injuries.

**SECOND CAUSE OF ACTION**
**Negligence**
**by Plaintiff JOANNE MURPHY as Against All Defendants**

11      72.     Plaintiff JOANNE MURPHY re-alleges and incorporates herein by reference each

12 and every allegation set forth in the Nature of the Action as set forth in Paragraphs 1 through 2,

13 inclusive, Parties as set forth in Paragraphs 5 through 6 and 9 through 15, inclusive, Venue and

14 Jurisdiction as set forth in Paragraphs 16 through 18, inclusive, and the General Allegations as to

15 Plaintiff JOANNE MURPHY as set forth in Paragraphs 24 through 40, inclusive as though fully set

16 forth at this point.

17      73.     The Defendants, and each of them, were negligent by failing to exercise reasonable

18 care to prevent the Storz Morcellator from creating an unreasonable risk of harm to the persons

19 who were reasonably expected to be affected by the Storz Morcellator while it was being used

20 in the manner that the Defendants reasonably expected including, but not limited to, the

21 Plaintiff.

22      74.     The Defendants, and each of them, had a duty to exercise ordinary care in the design,

23 manufacture, marketing sale and/or distribution of the Storz Morcellator into the stream of

24 commerce to ensure that the Storz Morcellator was safe for its intended or reasonably foreseeable

25 use, including, without limitation, a duty to assure that the Storz Morcellator did not cause women

26 such as the Plaintiff to sustain injuries and damages from its known and knowable dangerous side

27 effects, including the dissemination, seeding and upstaging of uterine cancer and death. The

28 Defendants, and each of them, failed to exercise ordinary care in the design, manufacture,

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

17

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1 | marketing, sale, testing, and distribution of the Storz Morcellator into interstate commerce in that
2 | the Defendants, and each of them, had actual knowledge and constructive notice and knew or, in the
3 | exercise of reasonable care, should have known that the Storz Morcellator created a high risk of
4 | dangerous side effects, including the dissemination, seeding and upstaging of uterine cancer and
5 | death.

6 |     75.    More specifically, the Defendants, and each of them, negligence in the design,
7 | manufacture, marketing, testing and/or sale of the Storz Morcellator including, but not limited to:

8 |     a.    Providing misleading, inadequate and/or insufficient warnings regarding the
9 |     Storz Morcellator;

10 |     b.    Failure to use due care in the design and manufacture of the Storz
11 |     Morcellator;

12 |     c.    Failure to conduct adequate and appropriate testing of the Storz Morcellator;

13 |     d.    Failure to recognize the significance of their own testing and other testing
14 |     which evidenced the increased risks, dangers and potential harm of power
15 |     morcellation in the treatment of uterine fibroids;

16 |     e.    Failure to respond promptly and appropriately to their own testing and other
17 |     testing, which evidenced the increased risks, dangers and potential harm of
18 |     power morcellation in the treatment of uterine fibroids;

19 |     f.    Failure to use safer, alternative designs for the Storz Morcellator that existed
20 |     and were economically feasible at all times relevant herein.

21 |     g.    Failure to provide to the FDA with information or data relevant to the safety
22 |     of the Storz Morcellator;

23 |     h.    Failure to obtain easily accessible information or data relevant to the safety of
24 |     the Storz Morcellator;

25 |     i.    Failure to perform sufficient testing of the Storz Morcellator to confirm or
26 |     ensure that it was safe for its intended use;

27 |     j.    Failure to use due care to test and inspect the Storz Morcellator to determine
28 |     its durability and functionality for the purpose for which it was intended;

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

18

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

k.   Failure to conduct adequate testing and post-marketing surveillance to determine the safety of the Storz Morcellator;

l.   Misrepresenting that the Storz Morcellator was safe for use in laparoscopic uterine surgical procedures;

m.   Inadequate and/or insufficient research into the safety of the Storz Morcellator prior to marketing and sale;

n.   Inadequate and/or insufficient monitoring or research regarding adverse events;

o.   Failure to list the dissemination, seeding and/or upstaging of uterine cancer as an adverse event;

p.   Failure to list death as an adverse event;

q.   Failure to provide adequate training, knowledge or information to physicians, distributors or sellers of the Storz Morcellator;

r.   Marketing the Storz Morcellator for unsafe uses;

s.   Failure to adequately warn individuals of the dangerous and lethal side effects of the Storz Morcellator;

t.   Failure to fulfill the standard of care required of a reasonable, prudent, minimally invasive gynecological surgical products manufacturer engaged in the manufacture of products used for uterine morcellation such as the Storz Morcellator;

u.   Failure to withdraw the Storz Morcellator from the market, restrict its use and/or warn of its potential dangers;

v.   Failure to disclose to the medical community in an appropriate and timely manner, facts relative to the potential of the Storz Morcellator to be harmful to humans, including its potential to disseminate, seed and upstage uterine cancer;

w.   Failure to provide updated information in the form of reports and statistics and outcomes of studies to physicians, hospitals and other healthcare entities

19

1  concerning the increased likelihood of disseminating, seeding and upstaging

2  uterine cancer when such data was available and in their possession;

3  x.  Disregarding the safety of the general public, including the Plaintiff to

4  advance their own economic interests;

5  y.  Designing the Storz Morcellator;

6  z.  Making the Storz Morcellator;

7  aa.  Inspecting and testing the Storz Morcellator;

8  bb.  Packaging the Storz Morcellator;

9  cc.  Concealing their full knowledge and experience regarding the dangers of the

10  Storz Morcellator; and,

11  dd.  Other and further particulars as will be proven at trial.

12  76.  Plaintiff JOANNE MURPHY suffered injuries and damages that were directly and

13  proximately caused by the negligent conduct of the Defendants, and each of them, as a result of the

14  use of the Storz Morcellator during the Plaintiff's laparoscopic hysterectomy on December 18,

15  2010.

16  77.  As a sole, direct and proximate result of the above-described negligence, conduct

17  and tortious acts and omissions of the Defendants, and each of them, Plaintiff JOANNE MURPHY

18  was injured and hurt in her health, strength and activity, sustaining serious personal injuries to her

19  body including, but not limited to, the dissemination, spread and upstaging of a deadly uterine

20  cancer known as endometrial stromal sarcoma ("ESS") and other as-yet undiagnosed injuries all of

21  which have required hospitalization and all of which continue to require medical care and treatment

22  all to her general and non-economic damages in an amount which is in excess of this Court's

23  minimum jurisdictional amount and which will be stated according to proof, pursuant to California

24  *Code of Civil Procedure* § 425.10.

25  78.  That as a further, direct and proximate result of the above-described negligence,

26  conduct and tortious acts and omissions of the Defendants, and each of them, and the injuries

27  sustained as a sole, direct and proximate result of the use of the Storz Morcellator in her

28  laparoscopic supracervical hysterectomy on December 18, 2010, Plaintiff JOANNE MURPHY was

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

20

1  required to undergo and endure hospital and medical care and treatment all to her special and

2  economic damages. Plaintiff JOANNE MURPHY is informed and believes and, based upon such

3  information and belief, alleges that some of these injuries will be permanent, all to her special and

4  economic damages in an amount which will be stated according to proof, pursuant to California

5  *Code of Civil Procedure* § 425.10.

6      79.    That as a further, direct and proximate result of the above-described negligence,

7  conduct and tortious acts and omissions of the Defendants, and each of them, and the injuries

8  sustained as a sole, direct and proximate result of the use of the Storz Morcellator in the

9  laparoscopic supracervical hysterectomy on December 18, 2010, Plaintiff JOANNE MURPHY  was

10  prevented from attending to her usual occupation.  Plaintiff JOANNE MURPHY is informed and

11  believes and, upon such information and belief, alleges that she will be prevented from attending to

12  her usual occupation for a period of time in the future and that she has also sustained a loss of

13  earning capacity, in addition to lost earnings, past and future.  The exact amount of such past and

14  future lost earnings and loss of earning capacity is unknown to Plaintiff JOANNE MURPHY.

15  When said amounts are ascertained, Plaintiff JOANNE MURPHY will ask leave of Court to amend

16  this Complaint and allege said amounts according to proof, pursuant to California *Code of Civil*

17  *Procedure* § 425.10.

18                      **THIRD CAUSE OF ACTION**
                         **Gross Negligence**

19  **by Plaintiff JOANNE MURPHY as Against All Defendants)**

20      80.    Plaintiff JOANNE MURPHY re-alleges and incorporates herein by reference each

21  and every allegation set forth in the Nature of the Action as set forth in Paragraphs 1 through 2,

22  inclusive, Parties as set forth in Paragraphs 5 through 6 and 9 through 15, inclusive, Venue and

23  Jurisdiction as set forth in Paragraphs 16 through 18, inclusive, and the General Allegations as to

24  Plaintiff JOANNE MURPHY as set forth in Paragraphs 24 through 40, inclusive as though fully set

25  forth at this point.  .

26      81.    Plaintiff JOANNE MURPHY suffered injuries and damages that were proximately

27  caused by the gross negligence of the Defendants, and each of them, related to the Storz Morcellator

28  which was used during Plaintiff JOANNE MURPHY's laparoscopic supracervical hysterectomy on

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1  December 18, 2010.

2      82.    Prior to and at the time that the laparoscopic uterine surgery utilizing the Storz

3  Morcellator that was performed on Plaintiff JOANNE MURPHY on December 18, 2010, the

4  Defendants, and each of them, had constructive notice and actual knowledge and knew or, in the

5  exercise of reasonable care, should have known that the use of the Storz Morcellator caused

6  dangerous side effects, including the dissemination, seeding and upstaging of uterine cancer and

7  that its continued use would endanger the safety and well-being of members of the public including,

8  but not limited to the Plaintiff.

9      83.    Notwithstanding such actual knowledge and constructive notice, the Defendants, and

10  each of them, purposefully and with conscious disregard for the safety of Plaintiff JOANNE

11  MURPHY and others similarly situated, designed, manufactured, marketed and/or sold Storz

12  Morcellators that they knew to be deadly when used for the treatment of uterine fibroids. The

13  Defendants, and each of them, did everything in their power to suppress the truth about the deadly

14  effects of the defective Storz Morcellator. The Defendants, and each of them, intentionally

15  misrepresented the Storz Morcellator by marketing them to Plaintiff JOANNE MURPHY and her

16  physicians as safe, and by failing to disclose the serious side effects that the Defendants had actual

17  knowledge and constructive notice of, knew or, in the exercise of reasonable care, should have

18  known about. The Defendants, and each of them, maliciously and fraudulently continued to design,

19  manufacture, market, distribute and sell the Storz Morcellator with conscious disregard of the fact

20  that people were being gravely injured and killed by the use of Storz Morcellators in laparoscopic

21  hysterectomies such as the procedure performed on the Plaintiff on December 18, 2010.

22      84.    As a sole, direct and proximate result of the above-described negligence, conduct

23  and tortious acts and omissions of the Defendants, and each of them, Plaintiff JOANNE MURPHY

24  was injured and hurt in her health, strength and activity, sustaining serious personal injuries to her

25  body including, but not limited to, the dissemination, spread and upstaging of a deadly uterine

26  cancer known as endometrial stromal sarcoma (:ESS") and other as-yet undiagnosed injuries all of

27  which have required hospitalization and all of which continue to require medical care and treatment

28  all to her general and non-economic damages in an amount which is in excess of this Court's

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1  minimum jurisdictional amount and which will be stated according to proof, pursuant to California

2  *Code of Civil Procedure* § 425.10.

3      85.    That as a further, direct and proximate result of the above-described negligence,

4  conduct and tortious acts and omissions of the Defendants, and each of them, and the injuries

5  sustained as a sole, direct and proximate result of the use of the Storz Morcellator in her

6  laparoscopic supracervical hysterectomy on December 18, 2010, Plaintiff JOANNE MURPHY was

7  required to undergo and endure hospital and medical care and treatment all to her special and

8  economic damages. Plaintiff JOANNE MURPHY is informed and believes and, based upon such

9  information and belief, alleges that some of these injuries will be permanent, all to her special and

10 economic damages in an amount which will be stated according to proof, pursuant to California

11 *Code of Civil Procedure* § 425.10.

12     86.    That as a further, direct and proximate result of the above-described negligence,

13 conduct and tortious acts and omissions of the Defendants, and each of them, and the injuries

14 sustained as a sole, direct and proximate result of the use of the Storz Morcellator in the

15 laparoscopic supracervical hysterectomy on December 18, 2010, Plaintiff JOANNE MURPHY  was

16 prevented from attending to her usual occupation. Plaintiff JOANNE MURPHY is informed and

17 believes and, upon such information and belief, alleges that she will be prevented from attending to

18 her usual occupation for a period of time in the future and that she has also sustained a loss of

19 earning capacity, in addition to lost earnings, past and future. The exact amount of such past and

20 future lost earnings and loss of earning capacity is unknown to Plaintiff JOANNE MURPHY.

21 When said amounts are ascertained, Plaintiff JOANNE MURPHY will ask leave of Court to amend

22 this Complaint and allege said amounts according to proof, pursuant to California *Code of Civil*

23 *Procedure* § 425.10.

24     87.    In doing the foregoing acts, the Defendants, and each of them, acted with malice as

25 defined by California *Civil Code* § 3288, with willful and wanton negligence and in conscious

26 disregard of the safety and well-being of others including, but not limited to, Plaintiff JOANNE

27 MURPHY. Such conduct qualifies as despicable conduct as that term is defined in California *Civil*

28 *Code* § 3294, warranting the imposition of punitive or exemplary damages against the Defendants,

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

23

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  and each of them, in order to set an example of them, and to dissuade them from future reckless and

2  illegal conduct, in amounts according to proof at trial.  Specifically, at all times relevant herein,

3  Defendants:

    a.    Knew that the Storz Morcellator was dangerous and defective;

    b.    Concealed the dangers and health risks from Plaintiff JOANNE MURPHY,
        Plaintiff's physicians and the public;

    c.    Made misrepresentations to Plaintiff JOANNE MURPHY, her physicians
        and the public regarding the safety of the Storz Morcellator; and

    d.    With full knowledge of the health risks associated with the Storz
        Morcellator and without adequate warnings of the same, manufactured,
        marketed, promoted, developed, sold and/or distributed the Storz
        Morcellator for routine use.

88.  Defendants, by and through officers, directors, managing agents, authorized sales representatives, employees and/or other agents who engaged in malicious, fraudulent and oppressive conduct towards Plaintiff and the public, acted will willful and wanton and/or conscious and reckless disregard for the safety of Plaintiff and the general public.

### FOURTH CAUSE OF ACTION
#### Negligent Misrepresentation
#### by Plaintiff JOANNE MURPHY as Against All Defendants)

89.  Plaintiff JOANNE MURPHY re-alleges and incorporates herein by reference each and every allegation set forth in the Nature of the Action as set forth in Paragraphs 1 through 2, inclusive, Parties as set forth in Paragraphs 5 through 6 and 9 through 15, inclusive, Venue and Jurisdiction as set forth in Paragraphs 16 through 18, inclusive, and the General Allegations as to Plaintiff JOANNE MURPHY as set forth in Paragraphs 24 through 40, inclusive as though fully set forth at this point.

90.  The Defendants, and each of them, represented and marketed the Storz Morcellator as being safe and effective. Notwithstanding that they had actual knowledge and constructive notice and knew or, in the exercise of reasonable care, should have known of the risk of using the Storz Morcellator for the treatment of uterine fibroids the Defendants, and each of them, failed to

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

24

1  communicate to the FDA, the Plaintiff, physicians, distributors, hospitals, and/or the general public,

2  that use of the Storz Morcellator could cause serious injury and/or death. The Defendants, and each

3  of them, instead communicated and continued to communicate to all such persons/entities that the

4  Storz Morcellator was safe for use. Specifically, the Defendants' misrepresentations include,

5  without limitation, a representation to Plaintiff JOANNE MURPHY and to her physicians that the

6  Storz Morcellator was a safe and effective surgical instrument for the treatment of uterine fibroids.

7        91.    The Defendants, and each of them, through their agents, representatives, distributors

8  and/or employees negligently misrepresented the Storz Morcellator, its alleged benefits and its

9  known and knowable risks and dangers in the following ways:

10       a.    The Defendants, and each of them, failed to warn of the defective condition

11            of the Storz Morcellator, as manufactured and/or supplied by the Defendants,

12            and each of them;

13       b.    The Defendants, and each of them, negligently misrepresented material facts

14            about the Storz Morcellator in the course of their business in that they made

15            such misrepresentations when they had actual knowledge and constructive

16            notice and knew or, in the exercise or reasonable care, should have known of

17            the falsity of such misrepresentations without exercising reasonable care to

18            ascertain the accuracy of these representations;

19       c.    The above misrepresentations were made to the FDA, Plaintiff JOANNE

20            MURPHY, physicians and hospitals, as well as to the general public;

21       d.    The Defendants, and each of them, supplied false information regarding the

22            safety and efficacy of the Storz Morcellator for the guidance of others,

23            including the Plaintiff and her physicians;

24       e.    The Defendants, and each of them, failed to exercise reasonable care or

25            competence in obtaining or communicating information regarding the safety

26            and efficacy of the Storz Morcellator to Plaintiff JOANNE MURPHY, her

27            physicians and others;

28 ///

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

25

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

f.    The Plaintiff and others justifiably relied on the misrepresentations of the Defendants, and each of them.

92.    Plaintiff JOANNE MURPHY suffered injuries and damages that were proximately caused by the Defendants' negligent misrepresentations related to the Storz Morcellator that was used in the Plaintiff's laparoscopic supracervical hysterectomy on December 18, 2010.

93.    As a sole, direct and proximate result of the above-described negligence, conduct and tortious acts and omissions of the Defendants, and each of them, Plaintiff JOANNE MURPHY was injured and hurt in her health, strength and activity, sustaining serious personal injuries to her body including, but not limited to, the dissemination, spread and upstaging of a deadly uterine cancer known as endometrial stromal sarcoma ("ESS") and other as-yet undiagnosed injuries all of which have required hospitalization and all of which continue to require medical care and treatment all to her general and non-economic damages in an amount which is in excess of this Court's minimum jurisdictional amount and which will be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

94.    That as a further, direct and proximate result of the above-described negligence, conduct and tortious acts and omissions of the Defendants, and each of them, and the injuries sustained as a sole, direct and proximate result of the use of the Storz Morcellator in her laparoscopic supracervical hysterectomy on December 18, 2010, Plaintiff JOANNE MURPHY  was required to undergo and endure hospital and medical care and treatment all to her special and economic damages.  The Plaintiff is informed and believes and, based upon such information and belief, alleges that some of these injuries will be permanent, all to her special and economic damages in an amount which will be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

95.    That as a further, direct and proximate result of the above-described negligence, conduct and tortious acts and omissions of the Defendants, and each of them, and the injuries sustained as a sole, direct and proximate result of the use of the Storz Morcellator in the laparoscopic supracervical hysterectomy on December 18, 2010, Plaintiff JOANNE MURPHY was prevented from attending to her usual occupation.  Plaintiff JOANNE MURPHY is informed and

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

26

1  believes and, upon such information and belief, alleges that she will be prevented from attending to

2  her usual occupation for a period of time in the future and that she has also sustained a loss of

3  earning capacity, in addition to lost earnings, past and future.  The exact amount of such past and

4  future lost earnings and loss of earning capacity is unknown to Plaintiff JOANNE MURPHY.

5  When said amounts are ascertained, Plaintiff JOANNE MURPHY will ask leave of Court to amend

6  this Complaint and allege said amounts according to proof, pursuant to California *Code of Civil*

7  *Procedure* § 425.10.

8

**FIFTH CAUSE OF ACTION**
**Fraudulent Concealment**
**by Plaintiff JOANNE MURPHY as Against All Defendants**

9

10   96.   The Plaintiff re-alleges and incorporates herein by reference each and every

11  allegation set forth in the Nature of the Action as set forth in Paragraphs 1 through 2, inclusive,

12  Parties as set forth in Paragraphs 3 through 11, inclusive, Venue and Jurisdiction as set forth in

13  Paragraphs 12 through 15, inclusive, and the General Allegations as set forth in Paragraphs 16

14  through 32, inclusive as though fully set forth at this point.

15   97.   The Defendants, and each of them, had actual knowledge and constructive notice and

16  knew or, in the exercise of reasonable care, should have known that their Storz Morcellators were

17  disseminating, seeding and upstaging undiagnosed uterine cancers thereby gravely and irreparably

18  injuring women such as Plaintiff JOANNE MURPHY. Further, the Defendants, and each of them,

19  had actual knowledge and constructive notice and knew or, in the exercise of reasonable care,

20  should have known that power morcellators used for the treatment of uterine fibroids were

21  disseminating, seeding and upstaging uterine cancer at an alarmingly higher rate than they

22  acknowledged and represented.

23   98.   Notwithstanding their actual knowledge and constructive notice of the foregoing the

24  Defendants, and each of them, nevertheless intentionally withheld from Plaintiff JOANNE

25  MURPHY and her healthcare providers the knowledge that the Storz Morcellator could

26  disseminate, seed and upstage uterine cancer thereby causing grave and irreparable injury.

27   99.   The Defendants, and each of them, had actual knowledge and constructive notice and

28  knew or, in the exercise of reasonable care, should have known that Plaintiff JOANNE MURPHY

27
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1   and others similarly situated could be gravely and irreparably harmed by the use of the Storz

2   Morcellator, yet the Defendants, and each of them, intentionally withheld material facts from the

3   Plaintiff and her healthcare providers, including the fact that the Storz Morcellator could

4   disseminate, seed and upstage uterine cancer and the number of women statistically likely to present

5   for the treatment of uterine fibroids with undiagnosed uterine cancer.

6        100.   The Defendants, and each of them, had actual knowledge and constructive notice and

7   knew and failed to disclose information and suppressed information as alleged herein with the

8   fraudulent intent to induce Plaintiff JOANNE MURPHY and her healthcare providers to act in

9   reliance thereon.

10       101.   Had Plaintiff JOANNE MURPHY and/or her healthcare providers been aware of the

11  existence of the facts known to but not disclosed and actively suppressed by the Defendants, and

12  each of them, Plaintiff JOANNE MURPHY would have elected to treat her uterine fibroid(s)

13  without the use of the Storz Morcellator.

14       102.   The fraudulent concealment of facts and suppression of information by the

15  Defendants, and each of them, was a direct and proximate cause of Plaintiff JOANNE MURPHY's

16  injuries as a result of the Storz Morcellator that was used in Plaintiff JOANNE MURPHY's

17  laparoscopic supracervical hysterectomy on December 18, 2010.

18       103.   Prior to and at the time that the laparoscopic uterine surgery utilizing the Storz

19  Morcellator that was performed on Plaintiff JOANNE MURPHY on December 18, 2010, the

20  Defendants, and each of them, had actual knowledge and constructive notice and knew that the use

21  of the Storz Morcellator caused dangerous side effects, including the dissemination, seeding and

22  upstaging of uterine cancer and death and that its continued use would endanger the safety and well-

23  being of members of the public including, but not limited to Plaintiff JOANNE MURPHY.

24       104.   Notwithstanding such actual knowledge and constructive notice, the Defendants, and

25  each of them, purposefully and with conscious disregard for the safety of Plaintiff JOANNE

26  MURPHY and others similarly situated fraudulently concealed their actual knowledge and

27  constructive notice that Storz Morcellators could be deadly when used for the treatment of uterine

28  fibroids. The Defendants, and each of them, did everything in their power to fraudulently conceal

28

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1  and suppress the truth about the deadly effects of the defective Storz Morcellator. The Defendants,

2  and each of them, fraudulently concealed their actual knowledge and constructive notice that the use

3  of the Storz Morcellator in laparoscopic hysterectomies created serious side effects. The

4  Defendants, and each of them, maliciously and fraudulently concealed the fact that people were

5  being gravely injured and killed by the use of Storz Morcellators in laparoscopic hysterectomies

6  such as the procedure performed on the Plaintiff on December 18, 2010.

7       105.   As a sole, direct and proximate result of the above-described negligence, conduct

8  and tortious acts and omissions of the Defendants, and each of them, Plaintiff JOANNE MURPHY

9  was injured and hurt in her health, strength and activity, sustaining serious personal injuries to her

10 body including, but not limited to, the dissemination, spread and upstaging of a deadly uterine

11 cancer known as endometrial stromal sarcoma ("ESS") and other as-yet undiagnosed injuries all of

12 which have required hospitalization and all of which continue to require medical care and treatment

13 all to her general and non-economic damages in an amount which is in excess of this Court's

14 minimum jurisdictional amount and which will be stated according to proof, pursuant to California

15 *Code of Civil Procedure* § 425.10.

16      106.   That as a further, direct and proximate result of the above-described negligence,

17 conduct and tortious acts and omissions of the Defendants, and each of them, and the injuries

18 sustained as a sole, direct and proximate result of the use of the Storz Morcellator in her

19 laparoscopic supracervical hysterectomy on December 18, 2010, Plaintiff JOANNE MURPHY was

20 required to undergo and endure hospital and medical care and treatment all t her special and

21 economic damages. The Plaintiff is informed and believes and, based upon such information and

22 belief, alleges that some of these injuries will be permanent, all to her special and economic

23 damages in an amount which will be stated according to proof, pursuant to California *Code of Civil*

24 *Procedure* § 425.10.

25      107.   That as a further, direct and proximate result of the above-described negligence,

26 conduct and tortious acts and omissions of the Defendants, and each of them, and the injuries

27 sustained as a sole, direct and proximate result of the use of the Storz Morcellator in the

28 laparoscopic supracervical hysterectomy on December 18, 2010, Plaintiff JOANNE MURPHY was

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

29

1  prevented from attending to her usual occupation.  Plaintiff JOANNE MURPHY is informed and

2  believes and, upon such information and belief, alleges that she will be prevented from attending to

3  her usual occupation for a period of time in the future and that she has also sustained a loss of

4  earning capacity, in addition to lost earnings, past and future.  The exact amount of such past and

5  future lost earnings and loss of earning capacity is unknown to Plaintiff JOANNE MURPHY.

6  When said amounts are ascertained, Plaintiff JOANNE MURPHY will ask leave of Court to amend

7  this Complaint and allege said amounts according to proof, pursuant to California *Code of Civil*

8  *Procedure* § 425.10.

9        108.    In doing the foregoing acts, the Defendants, and each of them, acted with malice as

10  defined by California *Civil Code* § 3288, with willful and wanton negligence and in conscious

11  disregard of the safety and well-being of others including, but not limited to, Plaintiff JOANNE

12  MURPHY. Such conduct qualifies as despicable conduct as that term is defined in California *Civil*

13  *Code* § 3294, warranting the imposition of punitive or exemplary damages against the Defendants,

14  and each of them, in order to set an example of them, and to dissuade them from future reckless and

15  illegal conduct, in amounts according to proof at trial. Specifically, at all times relevant herein,

16  Defendants:

17        a.    Knew that the Storz Morcellator was dangerous and defective;

18        b.    Concealed the dangers and health risks from Plaintiff, Plaintiff's physicians

19              and the public;

20        c.    Made misrepresentations to Plaintiff JOANNE MURPHY, her physicians

21              and the public regarding the safety of the Storz Morcellator; and

22        d.    With full knowledge of the health risks associated with the Storz

23              Morcellator and without adequate warnings of the same, manufactured,

24              marketed, promoted, developed, sold and/or distributed the Storz

25              Morcellator for routine use.

26        109.    Defendants, by and through officers, directors, managing agents, authorized sales

27  representatives, employees and/or other agents who engaged in malicious, fraudulent and

28  oppressive conduct towards Plaintiff and the public, acted will willful and wanton and/or conscious

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

30

1   and reckless disregard for the safety of Plaintiff JOANNE MURPHY and the general public.

2   **SIXTH CAUSE OF ACTION**
    **Strict Products Liability – Failure to Warn**
3   **by Plaintiff LISA M. MISKELLA as Against All Defendants**

4       110.   Plaintiff LISA M. MISKELLA re-alleges and incorporates herein by reference each

5   and every allegation set forth in the Nature of the Action as set forth in Paragraphs 3 through 4,

6   inclusive, Parties as set forth in Paragraphs 7 through 15, inclusive, Venue and Jurisdiction as set

7   forth in Paragraphs 16 through 18, inclusive, and the General Allegations as set forth in Paragraphs

8   41 through 57, inclusive as though fully set forth at this point.

9       111.   The Storz Morcellator was defective and unreasonably dangerous when it left the

10  possession of the Defendants because it did not contain adequate warnings that would have

11  informed the ordinary user of the specific risks of harm that may be involved in the intended use of

12  the Storz Morcellator including, but not limited to:

13          a.     The difficulty of effectively diagnosing cancer prior to (or during) surgery

14                 with available diagnostic tools;

15          b.     The actual prevalence of undiagnosed uterine cancers in women undergoing

16                 power morcellation;

17          c.     The actual rates at which power morcellators disseminate and/or upstage

18                 cancer;

19          d.     The fact that power morcellators are associated with worsened long-term

20                 medical outcomes than other fibroid treatments because of the risk of uterine

21                 cancer being spread and implanted by the use of the device;

22          e.     The fact that in the event that cancer was discovered after power

23                 morcellation, staging and pathological diagnosis could be impeded, thus

24                 yielding a worsened prognosis and outcome for the patient;

25          f.     The risks of spreading and upstaging cancer through the use of a Storz

26                 Morcellator leading to the need for additional treatment and procedures

27                 and/or the need for additional surgery as well as other severe and permanent

28                 health consequences, notwithstanding Defendants' knowledge of the

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

31
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1        increased risk of these injuries and side effects with the use of a Storz

2        Morcellator over other forms of treatment

3    112.    The use of the Storz Morcellator in Plaintiff LISA M. MISKELLA's surgery was

4  reasonably foreseeable as the Storz Morcellator was used in the manner for which Defendants

5  intended.

6    113.    Plaintiff LISA M. MISKELLA could not, by the exercise of reasonable care, have

7  discovered the defects herein mentioned and perceived her danger.

8    114.    The Defendants, and each of them, as the manufacturers, designers, distributors

9  and/or sellers of the Storz Morcellator are each held to the level of knowledge of an expert in the

10  field.

11    115.    Plaintiff LISA M. MISKELLA , individually and through her physicians, reasonably

12  relied upon the skill, superior knowledge and judgment of the Defendants, and each of them, in

13  consenting to the use of the Storz Morcellator on March 6, 2012.

14    116.    The warnings that were given by the Defendants, and each of them, were not

15  sufficiently informative, accurate or clear.

16    117.    The warnings that were given by the Defendants, and each of them, failed to

17  properly warn physicians of the increased risks associated with the use of the Storz Morcellator

18  subjecting Plaintiff LISA M. MISKELLA to risks that exceeded the benefits of the product

19  including, but not limited to, the risks of disseminating, spreading and/or upstaging cancer, the need

20  for additional treatment and procedures and/or the need for additional surgery as well as other

21  severe and permanent health consequences. The Defendants, and each of them, had a duty to warn

22  Plaintiff LISA M. MISKELLA and her physicians of the dangers associated with the use of the

23  Storz Morcellator.

24    118.    Had Plaintiff LISA M. MISKELLA received adequate warnings regarding the risks

25  of the use of the Storz Morcellator, she would not have allowed it to be used in her surgery on

26  March 6, 2012.

27    119.    Plaintiff LISA M. MISKELLA suffered injuries and damages that were proximately

28  caused by the Defendants, and each of them, failure to warn when the Storz Morcellator was used as

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

32

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  designed and intended in her laparoscopic supracervical hysterectomy on March 6, 2012.

2      120.   As a sole, direct and proximate result of the above-described negligence, conduct

3  and tortious acts and omissions of the Defendants, and each of them, Plaintiff LISA M. MISKELLA

4  was injured and hurt in her health, strength and activity, sustaining serious personal injuries to her

5  body including, but not limited to, the dissemination, spread and upstaging of a deadly uterine

6  cancer known as endometrial stromal sarcoma (:ESS") and other as-yet undiagnosed injuries all of

7  which have required hospitalization and all of which continue to require medical care and treatment

8  all to her general and non-economic damages in an amount which is in excess of this Court's

9  minimum jurisdictional amount and which will be stated according to proof, pursuant to California

10  *Code of Civil Procedure* § 425.10.

11      121.   That as a further, direct and proximate result of the above-described negligence,

12  conduct and tortious acts and omissions of the Defendants, and each of them, and the injuries

13  sustained as a sole, direct and proximate result of the use of the Storz Morcellator in her

14  laparoscopic supracervical hysterectomy on March 6, 2012, Plaintiff LISA M. MISKELLA was

15  required to undergo and endure hospital and medical care and treatment all to her special and

16  economic damages. Plaintiff LISA M. MISKELLA is informed and believes and, based upon such

17  information and belief, alleges that some of these injuries will be permanent, all to her special and

18  economic damages in an amount which will be stated according to proof, pursuant to California

19  *Code of Civil Procedure* § 425.10.

20      122.   That as a further, direct and proximate result of the above-described negligence,

21  conduct and tortious acts and omissions of the Defendants, and each of them, and the injuries

22  sustained as a sole, direct and proximate result of the use of the Storz Morcellator in the

23  laparoscopic supracervical hysterectomy on March 6, 2012, Plaintiff LISA M. MISKELLA was

24  prevented from attending to her usual occupation. Plaintiff LISA M. MISKELLA is informed and

25  believes and, upon such information and belief, alleges that she will be prevented from attending to

26  her usual occupation for a period of time in the future and that she has also sustained a loss of

27  earning capacity, in addition to lost earnings, past and future. The exact amount of such past and

28  future lost earnings and loss of earning capacity is unknown to Plaintiff LISA M. MISKELLA.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

33

1   When said amounts are ascertained, Plaintiff LISA M. MISKELLA will ask leave of Court to

2   amend this Complaint and allege said amounts according to proof, pursuant to California *Code of*

3   *Civil Procedure* § 425.10

4       123.   For these reasons the Defendants, and each of them, are strictly liable under

5   applicable products liability law without regard to proof of negligence. The Defendants' failure to

6   warn and/or instruct was a direct and proximate cause of Plaintiff LISA M. MISKELLA's injuries.

7                        **SEVENTH CAUSE OF ACTION**
                              **Negligence**
8       **by Plaintiff LISA M. MISKELLA as Against All Defendants**

9       124.   Plaintiff LISA M. MISKELLA re-alleges and incorporates herein by reference each

10   and every allegation set forth in the Nature of the Action as set forth in Paragraphs 3 through 4,

11   inclusive, Parties as set forth in Paragraphs 7 through 15, inclusive, Venue and Jurisdiction as set

12   forth in Paragraphs 16 through 18, inclusive, and the General Allegations as set forth in Paragraphs

13   41 through 57, inclusive as though fully set forth at this point.

14       125.   The Defendants, and each of them, were negligent by failing to exercise reasonable

15   care to prevent the Storz Morcellator from creating an unreasonable risk of harm to the persons who

16   were reasonably expected to be affected by the Storz Morcellator while it was being used in the

17   manner that the Defendants reasonably expected including, but not limited to, Plaintiff LISA M.

18   MISKELLA.

19       126.   The Defendants, and each of them, had a duty to exercise ordinary care in the design,

20   manufacture, marketing sale and/or distribution of the Storz Morcellator into the stream of

21   commerce to ensure that the Storz Morcellator was safe for its intended or reasonably foreseeable

22   use, including, without limitation, a duty to assure that the Storz Morcellator did not cause women

23   such as Plaintiff LISA M. MISKELLA to sustain injuries and damages from its known and

24   knowable dangerous side effects, including the dissemination, seeding and upstaging of uterine

25   cancer and death. The Defendants, and each of them, failed to exercise ordinary care in the design,

26   manufacture, marketing, sale, testing, and distribution of the Storz Morcellator into interstate

27   commerce in that the Defendants, and each of them, had actual knowledge and constructive notice

28   and knew or, in the exercise of reasonable care, should have known that the Storz Morcellator

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

34
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1    created a high risk of dangerous side effects, including the dissemination, seeding and upstaging of

2    uterine cancer and death.

3       127.    More specifically, the Defendants, and each of them, negligence in the design,

4    manufacture, marketing, testing and/or sale of the Storz Morcellator including, but not limited to:

5           a.       Providing misleading, inadequate and/or insufficient warnings regarding the

6                  Storz Morcellator;

7           b.       Failure to use due care in the design and manufacture of the Storz

8                  Morcellator;

9           c.       Failure to conduct adequate and appropriate testing of the Storz Morcellator;

10         d.       Failure to recognize the significance of their own testing and other testing

11                 which evidenced the increased risks, dangers and potential harm of power

12                 morcellation in the treatment of uterine fibroids;

13         e.       Failure to respond promptly and appropriately to their own testing and other

14                 testing, which evidenced the increased risks, dangers and potential harm of

15                 power morcellation in the treatment of uterine fibroids;

16         f.       Failure to use safer, alternative designs for the Storz Morcellator that existed

17                 and were economically feasible at all times relevant herein.

18         g.       Failure to provide to the FDA with information or data relevant to the safety

19                 of the Storz Morcellator;

20         h.       Failure to obtain easily accessible information or data relevant to the safety of

21                 the Storz Morcellator;

22         i.       Failure to perform sufficient testing of the Storz Morcellator to confirm or

23                 ensure that it was safe for its intended use;

24         j.       Failure to use due care to test and inspect the Storz Morcellator to determine

25                 its durability and functionality for the purpose for which it was intended;

26         k.       Failure to conduct adequate testing and post-marketing surveillance to

27                 determine the safety of the Storz Morcellator;

28         l.       Misrepresenting that the Storz Morcellator was safe for use in laparoscopic

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

35

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

uterine surgical procedures;

m.   Inadequate and/or insufficient research into the safety of the Storz Morcellator prior to marketing and sale;

n.   Inadequate and/or insufficient monitoring or research regarding adverse events;

o.   Failure to list the dissemination, seeding and/or upstaging of uterine cancer as an adverse event;

p.   Failure to list death as an adverse event;

q.   Failure to provide adequate training, knowledge or information to physicians, distributors or sellers of the Storz Morcellator;

r.   Marketing the Storz Morcellator for unsafe uses;

s.   Failure to adequately warn individuals of the dangerous and lethal side effects of the Storz Morcellator;

t.   Failure to fulfill the standard of care required of a reasonable, prudent, minimally invasive gynecological surgical products manufacturer engaged in the manufacture of products used for uterine morcellation such as the Storz Morcellator;

u.   Failure to withdraw the Storz Morcellator from the market, restrict its use and/or warn of its potential dangers;

v.   Failure to disclose to the medical community in an appropriate and timely manner, facts relative to the potential of the Storz Morcellator to be harmful to humans, including its potential to disseminate, seed and upstage uterine cancer;

w.   Failure to provide updated information in the form of reports and statistics and outcomes of studies to physicians, hospitals and other healthcare entities concerning the increased likelihood of disseminating, seeding and upstaging uterine cancer when such data was available and in their possession;

x.   Disregarding the safety of the general public, including the Plaintiff to

36

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1        advance their own economic interests;

2      y.    Designing the Storz Morcellator;

3      z.    Making the Storz Morcellator;

4      aa.   Inspecting and testing the Storz Morcellator;

5      bb.   Packaging the Storz Morcellator;

6      cc.   Concealing their full knowledge and experience regarding the dangers of the

7          Storz Morcellator; and,

8      dd.   Other and further particulars as will be proven at trial.

9     128.   Plaintiff LISA M. MISKELLA suffered injuries and damages that were directly and

10  proximately caused by the negligent conduct of the Defendants, and each of them, as a result of the

11  use of the Storz Morcellator during Plaintiff LISA M. MISKELLA's laparoscopic hysterectomy on

12  March 6, 2012.

13     129.   As a sole, direct and proximate result of the above-described negligence, conduct

14  and tortious acts and omissions of the Defendants, and each of them, Plaintiff LISA M. MISKELLA

15  was injured and hurt in her health, strength and activity, sustaining serious personal injuries to her

16  body including, but not limited to, the dissemination, spread and upstaging of a deadly uterine

17  cancer known as endometrial stromal sarcoma (:ESS") and other as-yet undiagnosed injuries all of

18  which have required hospitalization and all of which continue to require medical care and treatment

19  all to her general and non-economic damages in an amount which is in excess of this Court's

20  minimum jurisdictional amount and which will be stated according to proof, pursuant to California

21  *Code of Civil Procedure* § 425.10.

22     130.   That as a further, direct and proximate result of the above-described negligence,

23  conduct and tortious acts and omissions of the Defendants, and each of them, and the injuries

24  sustained as a sole, direct and proximate result of the use of the Storz Morcellator in her

25  laparoscopic supracervical hysterectomy on March 6, 2012, Plaintiff LISA M. MISKELLA was

26  required to undergo and endure hospital and medical care and treatment all to her special and

27  economic damages.  Plaintiff LISA M. MISKELLA is informed and believes and, based upon such

28  information and belief, alleges that some of these injuries will be permanent, all to her special and

1  economic damages in an amount which will be stated according to proof, pursuant to California

2  *Code of Civil Procedure* § 425.10.

3      131.   That as a further, direct and proximate result of the above-described negligence,

4  conduct and tortious acts and omissions of the Defendants, and each of them, and the injuries

5  sustained as a sole, direct and proximate result of the use of the Storz Morcellator in the

6  laparoscopic supracervical hysterectomy on March 6, 2012, Plaintiff LISA M. MISKELLA was

7  prevented from attending to her usual occupation. Plaintiff LISA M. MISKELLA is informed and

8  believes and, upon such information and belief, alleges that she will be prevented from attending to

9  her usual occupation for a period of time in the future and that she has also sustained a loss of

10  earning capacity, in addition to lost earnings, past and future. The exact amount of such past and

11  future lost earnings and loss of earning capacity is unknown to Plaintiff LISA M. MISKELLA.

12  When said amounts are ascertained, Plaintiff LISA M. MISKELLA will ask leave of Court to

13  amend this Complaint and allege said amounts according to proof, pursuant to California *Code of*

14  *Civil Procedure* § 425.10.

**EIGHTH CAUSE OF ACTION**
**Gross Negligence**
**by Plaintiff LISA M. MISKELLA as Against All Defendants**

15

16

17      132.   Plaintiff LISA M. MISKELLA re-alleges and incorporates herein by reference each

18  and every allegation set forth in the Nature of the Action as set forth in Paragraphs 3 through 4,

19  inclusive, Parties as set forth in Paragraphs 7 through 15, inclusive, Venue and Jurisdiction as set

20  forth in Paragraphs 16 through 18, inclusive, and the General Allegations as set forth in Paragraphs

21  41 through 57, inclusive as though fully set forth at this point.

22      133.   Plaintiff LISA M. MISKELLA suffered injuries and damages that were proximately

23  caused by the gross negligence of the Defendants, and each of them, related to the Storz Morcellator

24  which was used during Plaintiff LISA M. MISKELLA's laparoscopic supracervical hysterectomy

25  on March 6, 2012.

26      134.   Prior to and at the time that the laparoscopic uterine surgery utilizing the Storz

27  Morcellator that was performed on Plaintiff LISA M. MISKELLA on March 6, 2012, the

28  Defendants, and each of them, had constructive notice and actual knowledge and knew or, in the

38

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1 exercise of reasonable care, should have known that the use of the Storz Morcellator caused

2 dangerous side effects, including the dissemination, seeding and upstaging of uterine cancer and

3 that its continued use would endanger the safety and well-being of members of the public including,

4 but not limited to the Plaintiff.

5     135. Notwithstanding such actual knowledge and constructive notice, the Defendants, and

6 each of them, purposefully and with conscious disregard for the safety of Plaintiff LISA M.

7 MISKELLA and others similarly situated, designed, manufactured, marketed and/or sold Storz

8 Morcellators that they knew to be deadly when used for the treatment of uterine fibroids. The

9 Defendants, and each of them, did everything in their power to suppress the truth about the deadly

10 effects of the defective Storz Morcellator. The Defendants, and each of them, intentionally

11 misrepresented the Storz Morcellator by marketing them to Plaintiff LISA M. MISKELLA and her

12 physicians as safe, and by failing to disclose the serious side effects that the Defendants had actual

13 knowledge and constructive notice of, knew or, in the exercise of reasonable care, should have

14 known about. The Defendants, and each of them, maliciously and fraudulently continued to design,

15 manufacture, market, distribute and sell the Storz Morcellator with conscious disregard of the fact

16 that people were being gravely injured and killed by the use of Storz Morcellators in laparoscopic

17 hysterectomies such as the procedure performed on the Plaintiff on March 6, 2012.

18     136. As a sole, direct and proximate result of the above-described negligence, conduct

19 and tortious acts and omissions of the Defendants, and each of them, Plaintiff LISA M. MISKELLA

20 was injured and hurt in her health, strength and activity, sustaining serious personal injuries to her

21 body including, but not limited to, the dissemination, spread and upstaging of a deadly uterine

22 cancer known as endometrial stromal sarcoma (:ESS") and other as-yet undiagnosed injuries all of

23 which have required hospitalization and all of which continue to require medical care and treatment

24 all to her general and non-economic damages in an amount which is in excess of this Court's

25 minimum jurisdictional amount and which will be stated according to proof, pursuant to California

26 *Code of Civil Procedure* § 425.10.

27     137. That as a further, direct and proximate result of the above-described negligence,

28 conduct and tortious acts and omissions of the Defendants, and each of them, and the injuries

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  sustained as a sole, direct and proximate result of the use of the Storz Morcellator in her
2  laparoscopic supracervical hysterectomy on March 6, 2012, Plaintiff LISA M. MISKELLA was
3  required to undergo and endure hospital and medical care and treatment all to her special and
4  economic damages. Plaintiff LISA M. MISKELLA is informed and believes and, based upon such
5  information and belief, alleges that some of these injuries will be permanent, all to her special and
6  economic damages in an amount which will be stated according to proof, pursuant to California
7  *Code of Civil Procedure* § 425.10.

8      138.  That as a further, direct and proximate result of the above-described negligence,
9  conduct and tortious acts and omissions of the Defendants, and each of them, and the injuries
10 sustained as a sole, direct and proximate result of the use of the Storz Morcellator in the
11 laparoscopic supracervical hysterectomy on March 6, 2012, Plaintiff LISA M. MISKELLA was
12 prevented from attending to her usual occupation. Plaintiff LISA M. MISKELLA is informed and
13 believes and, upon such information and belief, alleges that she will be prevented from attending to
14 her usual occupation for a period of time in the future and that she has also sustained a loss of
15 earning capacity, in addition to lost earnings, past and future. The exact amount of such past and
16 future lost earnings and loss of earning capacity is unknown to Plaintiff LISA M. MISKELLA.
17 When said amounts are ascertained, Plaintiff LISA M. MISKELLA will ask leave of Court to
18 amend this Complaint and allege said amounts according to proof, pursuant to California *Code of*
19 *Civil Procedure* § 425.10.

20      139.  In doing the foregoing acts, the Defendants, and each of them, acted with malice as
21 defined by California *Civil Code* § 3288, with willful and wanton negligence and in conscious
22 disregard of the safety and well-being of others including, but not limited to, Plaintiff LISA M.
23 MISKELLA. Such conduct qualifies as despicable conduct as that term is defined in California
24 *Civil Code* § 3294, warranting the imposition of punitive or exemplary damages against the
25 Defendants, and each of them, in order to set an example of them, and to dissuade them from future
26 reckless and illegal conduct, in amounts according to proof at trial. Specifically, at all times
27 relevant herein, Defendants:
28 ///

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

40

a.   Knew that the Storz Morcellator was dangerous and defective;

b.   Concealed the dangers and health risks from Plaintiff LISA M. MISKELLA, Plaintiff's physicians and the public;

c.   Made misrepresentations to Plaintiff LISA M. MISKELLA, her physicians and the public regarding the safety of the Storz Morcellator; and

d.   With full knowledge of the health risks associated with the Storz Morcellator and without adequate warnings of the same, manufactured, marketed, promoted, developed, sold and/or distributed the Storz Morcellator for routine use.

140.   Defendants, by and through officers, directors, managing agents, authorized sales representatives, employees and/or other agents who engaged in malicious, fraudulent and oppressive conduct towards Plaintiff LISA M. MISKELLA and the public, acted will willful and wanton and/or conscious and reckless disregard for the safety of Plaintiff LISA M. MISKELLA and the general public.

**NINTH CAUSE OF ACTION**
**Negligent Misrepresentation**
**by Plaintiff LISA M. MISKELLA as Against All Defendants**

141.   Plaintiff LISA M. MISKELLA re-alleges and incorporates herein by reference each and every allegation set forth in the Nature of the Action as set forth in Paragraphs 3 through 4, inclusive, Parties as set forth in Paragraphs 7 through 15, inclusive, Venue and Jurisdiction as set forth in Paragraphs 16 through 18, inclusive, and the General Allegations as set forth in Paragraphs 41 through 57, inclusive as though fully set forth at this point.

142.   The Defendants, and each of them, represented and marketed the Storz Morcellator as being safe and effective. Notwithstanding that they had actual knowledge and constructive notice and knew or, in the exercise of reasonable care, should have known of the risk of using the Storz Morcellator for the treatment of uterine fibroids the Defendants, and each of them, failed to communicate to the FDA, the Plaintiff, physicians, distributors, hospitals, and/or the general public, that use of the Storz Morcellator could cause serious injury and/or death. The Defendants, and each of them, instead communicated and continued to communicate to all such persons/entities that the

41

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1  Storz Morcellator was safe for use. Specifically, the Defendants' misrepresentations include,

2  without limitation, a representation to the Plaintiff and to her physicians that the Storz Morcellator

3  was a safe and effective surgical instrument for the treatment of uterine fibroids.

4      143.   The Defendants, and each of them, through their agents, representatives, distributors

5  and/or employees negligently misrepresented the Storz Morcellator, its alleged benefits and its

6  known and knowable risks and dangers in the following ways:

7      a.   The Defendants, and each of them, failed to warn of the defective condition

8          of the Storz Morcellator, as manufactured and/or supplied by the Defendants,

9          and each of them;

10     b.   The Defendants, and each of them, negligently misrepresented material facts

11         about the Storz Morcellator in the course of their business in that they made

12         such misrepresentations when they had actual knowledge and constructive

13         notice and knew or, in the exercise or reasonable care, should have known of

14         the falsity of such misrepresentations without exercising reasonable care to

15         ascertain the accuracy of these representations;

16     c.   The above misrepresentations were made to the FDA, the Plaintiff,

17         physicians and hospitals, as well as to the general public;

18     d.   The Defendants, and each of them, supplied false information regarding the

19         safety and efficacy of the Storz Morcellator for the guidance of others,

20         including the Plaintiff and her physicians;

21     e.   The Defendants, and each of them, failed to exercise reasonable care or

22         competence in obtaining or communicating information regarding the safety

23         and efficacy of the Storz Morcellator to the Plaintiff, her physicians and

24         others;

25     f.   The Plaintiff and others justifiably relied on the misrepresentations of the

26         Defendants, and each of them.

27     144.   The Plaintiff suffered injuries and damages that were proximately caused by the

28  Defendants' negligent misrepresentations related to the Storz Morcellator that was used in the

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

42

1    Plaintiff's laparoscopic supracervical hysterectomy on March 6, 2012.

2      145.   As a sole, direct and proximate result of the above-described negligence, conduct

3 and tortious acts and omissions of the Defendants, and each of them, the Plaintiff was injured and

4 hurt in her health, strength and activity, sustaining serious personal injuries to her body including,

5 but not limited to, the dissemination, spread and upstaging of a deadly uterine cancer known as

6 endometrial stromal sarcoma ("ESS") and other as-yet undiagnosed injuries all of which have

7 required hospitalization and all of which continue to require medical care and treatment all to her

8 general and non-economic damages in an amount which is in excess of this Court's minimum

9 jurisdictional amount and which will be stated according to proof, pursuant to California § 425.10.

10      146.   That as a further, direct and proximate result of the above-described negligence,

11 conduct and tortious acts and omissions of the Defendants, and each of them, and the injuries

12 sustained as a sole, direct and proximate result of the use of the Storz Morcellator in her

13 laparoscopic supracervical hysterectomy on March 6, 2012, the Plaintiff was required to undergo

14 and endure hospital and medical care and treatment all to her special and economic damages. The

15 Plaintiff is informed and believes and, based upon such information and belief, alleges that some of

16 these injuries will be permanent, all to her special and economic damages in an amount which will

17 be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

18      147.   That as a further, direct and proximate result of the above-described negligence,

19 conduct and tortious acts and omissions of the Defendants, and each of them, and the injuries

20 sustained as a sole, direct and proximate result of the use of the Storz Morcellator in the

21 laparoscopic supracervical hysterectomy on March 6, 2012, the Plaintiff was prevented from

22 attending to her usual occupation. The Plaintiff is informed and believes and, upon such

23 information and belief, alleges that she will be prevented from attending to her usual occupation for

24 a period of time in the future and that she has also sustained a loss of earning capacity, in addition to

25 lost earnings, past and future. The exact amount of such past and future lost earnings and loss of

26 earning capacity is unknown to the Plaintiff. When said amounts are ascertained, the Plaintiff will

27 ask leave of Court to amend this Complaint and allege said amounts according to proof, pursuant to

28 California *Code of Civil Procedure* § 425.10.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

## TENTH CAUSE OF ACTION
### Fraudulent Concealment
#### by Plaintiff LISA M. MISKELLA as Against All Defendants

148.    Plaintiff LISA M. MISKELLA re-alleges and incorporates herein by reference each and every allegation set forth in the Nature of the Action as set forth in Paragraphs 3 through 4, inclusive, Parties as set forth in Paragraphs 7 through 15, inclusive, Venue and Jurisdiction as set forth in Paragraphs 16 through 18, inclusive, and the General Allegations as set forth in Paragraphs 41 through 57, inclusive as though fully set forth at this point.

149.    The Defendants, and each of them, had actual knowledge and constructive notice and knew or, in the exercise of reasonable care, should have known that their Storz Morcellators were disseminating, seeding and upstaging undiagnosed uterine cancers thereby gravely and irreparably injuring women such as Plaintiff LISA M. MISKELLA. Further, the Defendants, and each of them, had actual knowledge and constructive notice and knew or, in the exercise of reasonable care, should have known that power morcellators used for the treatment of uterine fibroids were disseminating, seeding and upstaging uterine cancer at an alarmingly higher rate than they acknowledged and represented.

150.    Notwithstanding their actual knowledge and constructive notice of the foregoing the Defendants, and each of them, nevertheless intentionally withheld from Plaintiff LISA M. MISKELLA and her healthcare providers the knowledge that the Storz Morcellator could disseminate, seed and upstage uterine cancer thereby causing grave and irreparable injury.

151.    The Defendants, and each of them, had actual knowledge and constructive notice and knew or, in the exercise of reasonable care, should have known that Plaintiff LISA M. MISKELLA and others similarly situated could be gravely and irreparably harmed by the use of the Storz Morcellator, yet the Defendants, and each of them, intentionally withheld material facts from Plaintiff LISA M. MISKELLA and her healthcare providers, including the fact that the Storz Morcellator could disseminate, seed and upstage uterine cancer and the number of women statistically likely to present for the treatment of uterine fibroids with undiagnosed uterine cancer.

152.    The Defendants, and each of them, had actual knowledge and constructive notice and knew and failed to disclose information and suppressed information as alleged herein with the

44

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1  fraudulent intent to induce Plaintiff LISA M. MISKELLA and her healthcare providers to act in

2  reliance thereon.

3      153.    Had Plaintiff LISA M. MISKELLA and/or her healthcare providers been aware of

4  the existence of the facts known to but not disclosed and actively suppressed by the Defendants, and

5  each of them, Plaintiff LISA M. MISKELLA would have elected to treat her uterine fibroid(s)

6  without the use of the Storz Morcellator.

7      154.    The fraudulent concealment of facts and suppression of information by the

8  Defendants, and each of them, was a direct and proximate cause of Plaintiff LISA M. MISKELLA's

9  injuries as a result of the Storz Morcellator that was used in Plaintiff LISA M. MISKELLA's

10  laparoscopic supracervical hysterectomy on March 6, 2012.

11      155.    Prior to and at the time that the laparoscopic uterine surgery utilizing the Storz

12  Morcellator that was performed on the Plaintiff on March 6, 2012, the Defendants, and each of

13  them, had actual knowledge and constructive notice and knew that the use of the Storz Morcellator

14  caused dangerous side effects, including the dissemination, seeding and upstaging of uterine cancer

15  and death and that its continued use would endanger the safety and well-being of members of the

16  public including, but not limited to Plaintiff LISA M. MISKELLA.

17      156.    Notwithstanding such actual knowledge and constructive notice, the Defendants, and

18  each of them, purposefully and with conscious disregard for the safety of Plaintiff LISA M.

19  MISKELLA and others similarly situated fraudulently concealed their actual knowledge and

20  constructive notice that Storz Morcellators could be deadly when used for the treatment of uterine

21  fibroids. The Defendants, and each of them, did everything in their power to fraudulently conceal

22  and suppress the truth about the deadly effects of the defective Storz Morcellator. The Defendants,

23  and each of them, fraudulently concealed their actual knowledge and constructive notice that the use

24  of the Storz Morcellator in laparoscopic hysterectomies created serious side effects. The

25  Defendants, and each of them, maliciously and fraudulently concealed the fact that people were

26  being gravely injured and killed by the use of Storz Morcellators in laparoscopic hysterectomies

27  such as the procedure performed on the Plaintiff on March 6, 2012.

28  ///

45

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

157.    As a sole, direct and proximate result of the above-described negligence, conduct and tortious acts and omissions of the Defendants, and each of them, Plaintiff LISA M. MISKELLA was injured and hurt in her health, strength and activity, sustaining serious personal injuries to her body including, but not limited to, the dissemination, spread and upstaging of a deadly uterine cancer known as endometrial stromal sarcoma ("ESS") and other as-yet undiagnosed injuries all of which have required hospitalization and all of which continue to require medical care and treatment all to her general and non-economic damages in an amount which is in excess of this Court's minimum jurisdictional amount and which will be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

158.    That as a further, direct and proximate result of the above-described negligence, conduct and tortious acts and omissions of the Defendants, and each of them, and the injuries sustained as a sole, direct and proximate result of the use of the Storz Morcellator in her laparoscopic supracervical hysterectomy on March 6, 2012, Plaintiff LISA M. MISKELLA was required to undergo and endure hospital and medical care and treatment all t her special and economic damages.  Plaintiff LISA M. MISKELLA is informed and believes and, based upon such information and belief, alleges that some of these injuries will be permanent, all to her special and economic damages in an amount which will be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

159.    That as a further, direct and proximate result of the above-described negligence, conduct and tortious acts and omissions of the Defendants, and each of them, and the injuries sustained as a sole, direct and proximate result of the use of the Storz Morcellator in the laparoscopic supracervical hysterectomy on March 6, 2012, Plaintiff LISA M. MISKELLA was prevented from attending to her usual occupation.  Plaintiff LISA M. MISKELLA is informed and believes and, upon such information and belief, alleges that she will be prevented from attending to her usual occupation for a period of time in the future and that she has also sustained a loss of earning capacity, in addition to lost earnings, past and future.  The exact amount of such past and future lost earnings and loss of earning capacity is unknown to Plaintiff LISA M. MISKELLA. When said amounts are ascertained, Plaintiff LISA M. MISKELLA will ask leave of Court to

46

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1   amend this Complaint and allege said amounts according to proof, pursuant to California *Code of*

2   *Civil Procedure* § 425.10.

3       160.    In doing the foregoing acts, the Defendants, and each of them, acted with malice as

4   defined by California *Civil Code* § 3288, with willful and wanton negligence and in conscious

5   disregard of the safety and well-being of others including, but not limited to, Plaintiff LISA M.

6   MISKELLA. Such conduct qualifies as despicable conduct as that term is defined in California

7   *Civil Code* § 3294, warranting the imposition of punitive or exemplary damages against the

8   Defendants, and each of them, in order to set an example of them, and to dissuade them from future

9   reckless and illegal conduct, in amounts according to proof at trial. Specifically, at all times relevant

10  herein, Defendants:

11          a.      Knew that the Storz Morcellator was dangerous and defective;

12          b.      Concealed the dangers and health risks from Plaintiff LISA M.

13                  MISKELLA, Plaintiff's physicians and the public;

14          c.      Made misrepresentations to Plaintiff LISA M. MISKELLA, her physicians

15                  and the public regarding the safety of the Storz Morcellator; and

16          d.      With full knowledge of the health risks associated with the Storz

17                  Morcellator and without adequate warnings of the same, manufactured,

18                  marketed, promoted, developed, sold and/or distributed the Storz

19                  Morcellator for routine use.

20      161.    Defendants, by and through officers, directors, managing agents, authorized sales

21  representatives, employees and/or other agents who engaged in malicious, fraudulent and

22  oppressive conduct towards Plaintiff LISA M. MISKELLA and the public, acted will willful and

23  wanton and/or conscious and reckless disregard for the safety of Plaintiff LISA M. MISKELLA

24  and the general public.

25

26  **PRAYER FOR DAMAGES FOR PLAINTIFF JOANNE MURPHY**

27      **WHEREFORE**, Plaintiff JOANNE MURPHY, prays for judgment against Defendants

28  KARL STORZ ENDOSCOPY - AMERICA, INC., a California Corporation; KARL STORZ

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

47
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1   ENDOVISION, INC., a Massachusetts Corporation; KARL STORZ GMBH & CO. KG, A

2   Business Entity Form Unknown, and DOES 1 through 1000, inclusive, and each of them, jointly

3   and/or severally, as follows:

4         1.     For non-economic or general damages for the personal injuries and emotional

5                distress sustained by Plaintiff JOANNE MURPHY, according to proof;

6         2.     For economic damages for the past and future medical care and treatment required

7                and which will be required by Plaintiff JOANNE MURPHY, according to proof;

8         3.     For economic damages for the past and future lost income and future lost earning

9                capacity sustained by Plaintiff JOANNE MURPHY, according to proof;

10         4.     For non-economic or general damages for the personal injuries and emotional

11                distress;

12         5.     For punitive and exemplary damages on the Third Cause of Action for Gross

13                Negligence and the Fifth Cause of Action for Fraudulent Concealment as against

14                Defendants, and each of them, subject to proof at the time of trial;

15         6.     For prejudgment interest from the date of the surgery on December 18, 2010, to the

16                date of Judgment, as provided by law, subject to proof at the time of trial;

17         7.     For costs of litigation; and

18         8.     For such other and further relief as this Court may deem just and proper.

19

20         **PRAYER FOR DAMAGES FOR PLAINTIFF LISA M. MISKELLA**

21       **WHEREFORE**, Plaintiff LISA M. MISKELLA, prays for judgment against Defendants

22   KARL STORZ ENDOSCOPY - AMERICA, INC., a California Corporation; KARL STORZ

23   ENDOVISION, INC., a Massachusetts Corporation; KARL STORZ GMBH & CO. KG, A

24   Business Entity Form Unknown, and DOES 1 through 1000, inclusive, and each of them, jointly

25   and/or severally, as follows:

26         1.     For non-economic or general damages for the personal injuries and emotional

27                distress sustained by Plaintiff LISA M. MISKELLA, according to proof;

28         2.     For economic damages for the past and future medical care and treatment required

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

48

1    and which will be required by Plaintiff LISA M. MISKELLA, according to proof;

2    3.    For economic damages for the past and future lost income and future lost earning

3    capacity sustained by Plaintiff LISA M. MISKELLA, according to proof;

4    4.    For non-economic or general damages for the personal injuries and emotional

5    distress;

6    5.    For punitive and exemplary damages on the Eighth Cause of Action for Gross

7    Negligence and the Tenth Cause of Action for Fraudulent Concealment as against

8    Defendants, and each of them, subject to proof at the time of trial;

9    6.    For prejudgment interest from the date of the surgery on March 6, 2012, to the date

10    of Judgment, as provided by law, subject to proof at the time of trial;

11    7.    For costs of litigation; and

12    8.    For such other and further relief as this Court may deem just and proper.

13    DATED: July 10, 2015        **KIESEL LAW LLP**

14

15        By:

16        Paul R. Kiesel
       Helen Zukin

17        Steven D. Archer
       Mariana Aroditis

18        **TRACEY & FOX**
       Sean P. Tracey, *Pro Hac Vice Pending*

19        Rebecca B. King, *Pro Hac Vice Pending*

20        Andy Rubenstein, *Pro Hac Vice Pending*

21        **Attorneys for Plaintiffs**

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1               **DEMAND FOR JURY TRIAL**

2     Plaintiffs JOANNE MURPHY and LISA M. MISKELLA hereby demand a jury trial to the

3 full extent permitted by law.

4 DATED: July 10, 2015             **KIESEL LAW LLP**
                                       By:

7                              Paul R. Kiesel
                             Helen Zukin

8                              Steven D. Archer
                             Mariana Aroditis

9                              **TRACEY & FOX**

10                              Sean P. Tracey, *Pro Hac Vice Pending*
                             Rebecca B. King, *Pro Hac Vice Pending*

11                              Andy Rubenstein, *Pro Hac Vice Pending*

12                              Attorneys for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**KIESEL LAW LLP**
Attorneys at Law
Beverly Hills, California

               **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Paul R. Kiesel, Esq. (SBN 119854)
Helen Zukin, Esq. (117933)
Steven D. Archer, Esq (63834)
KIESEL LAW LLP - 8648 Wilshire Blvd., Beverly Hills, CA 90211
TELEPHONE NO.: (310) 854-4444   FAX NO.: (310) 854-0812
ATTORNEY FOR (Name): Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: same as above
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District

**FOR COURT USE ONLY**

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County of Los Angeles

JUL 10 2015

Sherri R. Carter, Executive Officer/Clerk
By: Kristina Vargas, Deputy

CASE NAME:
Joanne Murphy, etc., et al. v. Karl Storz Endoscopy-America, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER BC 587002 |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [✓] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint (not specified above) (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition (not specified above) (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties   d. [✓] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel   e. [✓] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): 10
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 10, 2015

Steven D. Archer, Esq.
(TYPE OR PRINT NAME)                                                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**CM-010**

### INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
(*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract (*not unlawful detainer or wrongful eviction*)
Contract/Warranty Breach–Seller
Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage (*not provisionally complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
(*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment (*non-domestic relations*)
Sister State Judgment
Administrative Agency Award
(*not unpaid taxes*)
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-harassment*)
Mechanics Lien
Other Commercial Complaint
Case (*non-tort/non-complex*)
Other Civil Complaint
(*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition (*not specified above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]        **CIVIL CASE COVER SHEET**        Page 2 of 2

| SHORT TITLE: Joanne Murphy, etc., et al. v. Karl Storz Endoscopy-America, Inc. | CASE NUMBER BC 5 8 7 0 0 2 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES  LIMITED CASE? ☐ YES  TIME ESTIMATED FOR TRIAL 20-25 ☐ HOURS/ ☑ DAYS

**Item II. Indicate the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):**

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check <u>one</u> Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.

6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☑ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Joanne Murphy, etc., et al. v. Karl Storz Endoscopy-America, Inc. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: Joanne Murphy, etc., et al. v. Karl Storz Endoscopy-America, Inc. | CASE NUMBER |
|---|---|

|  | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

| SHORT TITLE: Joanne Murphy, etc., et al. v. Karl Storz Endoscopy-America, Inc. | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.  ☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☑ 8. ☐ 9. ☐ 10. | ADDRESS: 2151 E. Grand Avenue |
|---|---|
| CITY: El Segundo | STATE: CA | ZIP CODE: 90245 | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: July 10, 2015

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Paul R. Kiesel, Esq. (SBN 119854)<br>Helen Zukin, Esq. (SBN 117933)<br>Steven D. Archer, Esq. (SBN 63834)<br>KIESEL LAW LLP - 8648 Wilshire Blvd., Beverly Hills, CA 90211<br>TELEPHONE NO.: (310) 854-4444   FAX NO. (Optional): (310) 854-0812<br>E-MAIL ADDRESS (Optional): kiesel@kiesel-law.com \| archer@kiesel-law.com<br>ATTORNEY FOR (Name): Plaintiffs | **CONFORMED COPY<br>ORIGINAL FILED**<br>Superior Court Of California<br>County Of Los Angeles<br><br>JUL 10 2015<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Kristina Vargas, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: same as above
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: Joanne Murphy, etc., et al.

DEFENDANT/RESPONDENT: Karl Storz Endoscopy-America, Inc.

CASE NUMBER: BC 587002

JUDICIAL OFFICER:

| NOTICE OF RELATED CASE | DEPT.: |
|---|---|

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: Sylvia A. O'Neil, etc., et al. v. Karl Storz Endoscopy-America, Inc.

   b. Case number: BC581718

   c. Court: [✓] same as above
   [ ] other state or federal court *(name and address):*

   d. Department: 49

   e. Case type: [ ] limited civil [✓] unlimited civil [ ] probate [ ] family law [ ] other *(specify):*

   f. Filing date: May 12, 2015

   g. Has this case been designated or determined as "complex?" [ ] Yes [✓] No

   h. Relationship of this case to the case referenced above *(check all that apply):*

      [✓] Involves the same parties and is based on the same or similar claims.

      [✓] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      [ ] involves claims against, title to, possession of, or damages to the same property.

      [✓] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

         [ ] Additional explanation is attached in attachment 1h

   i. Status of case:
      [✓] pending
      [ ] dismissed [ ] with [ ] without prejudice
      [ ] disposed of by judgment

2. a. Title:

   b. Case number:

   c. Court: [ ] same as above
   [ ] other state or federal court *(name and address):*

   d. Department:

Form Approved for Optional Use
Judicial Council of California
CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**

Cal. Rules of Court, rule 3.300
www.courtinfo.ca.gov

CM-015

| PLAINTIFF/PETITIONER: Joanne Murphy, etc., et al. | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Karl Storz Endoscopy-America, Inc. | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and not a party to this action. I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify)*:

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one)*:
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:
   a. on *(date)*:
   b. from *(city and state)*:

4. The envelope was addressed and mailed as follows:
   a. Name of person served:

      Street address:
      City:
      State and zip code:

   b. Name of person served:

      Street address:
      City:
      State and zip code:

   c. Name of person served:

      Street address:
      City:
      State and zip code:

   d. Name of person served:

      Street address:
      City:
      State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          _____
(TYPE OR PRINT NAME OF DECLARANT)              (SIGNATURE OF DECLARANT)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number _____  BC **5 8 7 0 0 2**

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judge indicated below. There is more information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Kevin C. Brazile | 1 | 534 | | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Barbara A. Meiers | 12 | 636 | | Hon. Deirdre Hill | 49 | 509 | |
| Hon. Terry A. Green | 14 | 300 | | Hon. John L. Segal | 50 | 508 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Mitchell L. Beckloff | 51 | 511 | |
| Hon. Rita Miller | 16 | 306 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Steven J. Kleifield | 53 | 513 | |
| Hon. Stephanie Bowick | 19 | 311 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Dalila Corral Lyons | 20 | 310 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Michael Johnson | 56 | 514 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Barbara Scheper | 30 | 400 | | Hon. Gregory Keosian | 61 | 732 | |
| Hon. Samantha Jessner | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | | Hon. Mark Mooney | 68 | 617 | |
| Hon. Michael P. Linfield | 34 | 408 | | Hon. William F. Fahey | 69 | 621 | |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Suzanne G. Bruguera | 71 | 729 | |
| Hon. Marc Marmaro | 37 | 413 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Rafael Ongkeko | 73 | 733 | |
| Hon. Elizabeth Feffer | 39 | 415 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | Hon. Gail Ruderman Feuer | 78 | 730 | |
| Hon. Holly E. Kendig | 42 | 416 | | | | | |
| Hon. Mel Red Recana | 45 | 529 | | Hon. Emile H. Elias | 324 | CCW | |
| Hon. Frederick C. Shaller | 46 | 500 | | *Provisionally Complex Non-class Action Cases Assignment is Pending Complex Determination | (324) | CCW | ✓ |
| Hon. Debre K. Weintraub | 47 | 507 | | | | | |

### *Complex

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _JUL 1 0 2015_   SHERRI R. CARTER, Executive Officer/Clerk

**Kristina Vargas**

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 04/15)          – NOTICE OF CASE ASSIGNMENT –          Page 1 of 2
LASC Approved 05-06          UNLIMITED CIVIL CASE

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



Superior Court of California
County of Los Angeles



Los Angeles County
Bar Association
Litigation Section

Los Angeles County
Bar Association Labor and
Employment Law Section



Consumer Attorneys
Association of Los Angeles



Southern California
Defense Counsel



Association of
Business Trial Lawyers



California Employment
Lawyers Association

LACIV 230 (NEW)
LASC Approved 4-11

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:
_____       ➤ _____
              (TYPE OR PRINT NAME)                            (ATTORNEY FOR PLAINTIFF)
Date:
_____       ➤ _____
              (TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)
Date:
_____       ➤ _____
              (TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)
Date:
_____       ➤ _____
              (TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)
Date:
_____       ➤ (ATTORNEY FOR _____)
              (TYPE OR PRINT NAME)
Date:
_____       ➤ (ATTORNEY FOR _____)
              (TYPE OR PRINT NAME)
Date:
_____       ➤ (ATTORNEY FOR _____)
              (TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | |
|---|---|
| COURTHOUSE ADDRESS: | |
| PLAINTIFF: | |
| DEFENDANT: | |

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ (INSERT DATE) for the complaint, and _____ (INSERT DATE) for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lasuperiorcourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

> _____        _____
>   (TYPE OR PRINT NAME)                 (ATTORNEY FOR PLAINTIFF)

Date:

> _____        _____
>   (TYPE OR PRINT NAME)                 (ATTORNEY FOR DEFENDANT)

Date:

> _____        _____
>   (TYPE OR PRINT NAME)                 (ATTORNEY FOR DEFENDANT)

Date:

> _____        _____
>   (TYPE OR PRINT NAME)                 (ATTORNEY FOR DEFENDANT)

Date:

> _____        _____
>   (TYPE OR PRINT NAME)                 (ATTORNEY FOR _____)

Date:

> _____        _____
>   (TYPE OR PRINT NAME)                 (ATTORNEY FOR _____)

Date:

> _____        _____
>   (TYPE OR PRINT NAME)                 (ATTORNEY FOR _____)

NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:

STATE BAR NUMBER:

Reserved for Clerk's File Stamp

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

CASE NUMBER:

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

▶ _____
(ATTORNEY FOR PLAINTIFF)

▶ _____
(ATTORNEY FOR DEFENDANT)

▶ _____
(ATTORNEY FOR DEFENDANT)

▶ _____
(ATTORNEY FOR DEFENDANT)

▶ _____
(ATTORNEY FOR _____)

▶ _____
(ATTORNEY FOR _____)

▶ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

1  Paul R. Kiesel, State Bar No. 119854
    *kiesel@kiesel-law.com*
2  Helen Zukin, State Bar No. 117933
    *zukin@kiesel-law.com*
3  Steven D. Archer, State Bar No. 63834
    *archer@kiesel-law.com*
4  Mariana Aroditis, State Bar No. 273225
    *aroditis@kiesel-law.com*
5  **KIESEL LAW LLP**
    8648 Wilshire Boulevard
6  Beverly Hills, California 90211-2910
    Tel.:    310-854-4444
7  Fax:    310-854-0812

8  Sean P. Tracey, *Pro Hac Vice* Pending
    *stracey@traceylawfirm.com*
9  Rebecca B. King, *Pro Hac Vice* Pending
    *rking@traceylawfirm.com*
10  Andy Rubenstein, *Pro Hac Vice* Pending
    *arubenstein@traceylawfirm.com*
11  **TRACEY & FOX**
    440 Louisiana, Suite 1901
12  Houston, Texas 77002
    Tel.:    713-495-2333
13  Fax:    866-709-2333

14  Attorneys for Plaintiffs

15  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

16  **FOR THE COUNTY OF LOS ANGELES**

17  **JOANNE MURPHY, an Individual; and LISA M. MISKELLA, an Individual,**

18                **Plaintiffs,**

19          v.

20  **KARL STORZ ENDOSCOPY-AMERICA,**
21  **INC., a California Corporation; KARL STORZ ENDOVISION, INC., a**
22  **Massachusetts Corporation; KARL STORZ GMBH & CO. KG, A Business Entity Form**
23  **Unknown, and DOES 1 through 1000, inclusive,**
24
25                **Defendants.**

Case No. BC 587002

**PLAINTIFFS' STATEMENT OF DAMAGES**

[California *Code of Civil Procedure* §425.11]

Action Filed:    July 10, 2015
Trial Date:    None

26
27
28

**KIESEL LAW LLP**
Attorneys at Law
Beverly Hills, California

**PLAINTIFFS' STATEMENT OF DAMAGES**

**TO DEFENDANTS AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:**

COME NOW the Plaintiffs, JOANNE MURPHY, an Individual [hereinafter alternatively referred to as "JOANNE MURPHY" and/or "Ms. Murphy"], and LISA M. MISKELLA, an Individual [hereinafter alternatively referred to as "LISA M. MISKELLA" and/or "Ms. Miskella"] [hereinafter collectively referred to as "Plaintiffs"], by and through their attorneys of record, Kiesel Law LLP and Tracey & Fox, and pursuant to the provisions of California *Code of Civil Procedure* § 425.11 herewith set forth their respective Statement of Damages, as follows:

Statement of Damages on behalf of Plaintiff JOANNE MURPHY, an Individual:

1.  General Damages in the amount of                 $ 10,000,000.00

2.  Special Damages including, but not limited to:

    a.   Past and future medical expenses subject to proof
         at the time of trial

    b.   Past and future lost income and lost earning capacity
         subject to proof at the time of trial;

3.  For punitive and exemplary damages on the Third Cause of Action
    for Gross Negligence and the Fifth Cause of Action for Fraudulent
    Concealment, subject to proof at the time of trial;

4.  Retroactive interest from the date of the surgery on December 18, 2010
    up through and including the date of Judgment;

5.  Costs of litigation subject to proof at the time of trial; and,

6.  Such other and further relief as the Court shall deem just and proper.

Statement of Damages on behalf of Plaintiff LISA M. MISKELLA, an Individual:

1.  General Damages in the amount of                 $ 10,000,000.00

2.  Special Damages including, but not limited to:

    a.   Past and future medical expenses subject to proof
         at the time of trial

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

b.    Past and future lost income and lost earning capacity

subject to proof at the time of trial;

c.    Future Lost Financial Support subject to proof at the time of trial;

3.    For punitive and exemplary damages on the Eighth Cause of Action

for Gross Negligence and the Tenth Cause of Action for Fraudulent

Concealment, subject to proof at the time of trial;

4.    Retroactive interest from the date of the surgery on March 6, 2012

up through and including the date of Judgment;

5.    Costs of litigation subject to proof at the time of trial; and,

6.    Such other and further relief as the Court shall deem just and proper.

DATED: July 16, 2015                    **KIESEL LAW LLP**

By: _____

Paul R. Kiesel
Helen Zukin
Steven D. Archer
Mariana Aroditis

**TRACEY & FOX**
Sean P. Tracey, *Pro Hac Vice Pending*
Rebecca B. King, *Pro Hac Vice Pending*
Andy Rubenstein, *Pro Hac Vice Pending*

Attorneys for Plaintiffs

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

3
**PLAINTIFFS' STATEMENT OF DAMAGES**

**PROOF OF SERVICE -- §1013a <u>CODE OF CIVIL PROCEDURE,</u>**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 1230 Rosecrans Avenue, Suite 450, Manhattan Beach, California 90266.

On **August 19, 2015** I served the foregoing document described as:

**DECLARATION OF HARLAN N. PEOTYAN OF DEFENDANT KARL STORZ'S NOTICE OF REMOVAL OF ACTON UNDER 28 U.S.C. § 1441 [DIVERSITY OF CITIZENSHIP]**

on all interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

<u>**SEE ATTACHED SERVICE LIST**</u>

XX   **By Mail**  I caused such envelope to be deposited in the mail at Manhattan Beach, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

**By Facsimile** by facsimile machine, which facsimile machine's fax number is 310-297-9800, to the following facsimile numbers of the interested parties listed herein as follows. The facsimile machine I used complied with California <u>Rules of Court</u>, Rule 2003(3) and the transmission was reported as complete and without error.  Pursuant to Rule 2008(e)(4), a copy of the transmission report, properly issued by the transmitting facsimile machine, is attached to this proof of service.

**By Express Mail** I caused such envelope to be deposited in the mail at Manhattan Beach, California.  The envelope was mailed with Express Mail postage thereon fully prepaid.

**By Overnight Delivery** I caused such envelope to be sent via overnight delivery service.  The envelope was deposited in or with a facility regularly maintained by the express service carrier with delivery fees paid or provided for.

XX   **State**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **August 19, 2015**, at Manhattan Beach, California.

_____
/ S /
Kathleen Slevcove

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SERVICE LIST

### Sylvia A. O'Neil, et al. v. Karl Storz Endoscopy-America, Inc.

LASC Case No.:  BC581718

Our File No:  348-3

| | |
|---|---|
| Paul Kiesel, Esq.<br>Helen Zukin, Esq.<br>Steven D. Archer, Esq.<br>Mariana Aroditis, Esq.<br>KIESEL LAW LLP<br>8648 Wilshire Blvd.<br>Beverly Hills, CA 90211-2910<br>T: (310) 854-4444<br>F: (310) 854-0812 | Attorneys for Plaintiffs,<br>**SYLVIA A. O'NEIL, as Surviving Daughter of ROSINE HERNANDEZ, Deceased, and as Executor of the Estate of ROSINE HERNANDEZ, Deceased, VERONICA O. HERNANDEZ, as Surviving Daughter of ROSINE HERNANDEZ, Deceased.** |
| Sean P. Tracey, Esq.<br>Rebecca B. King, Esq.<br>Andy Rubenstein, Esq.<br>TRACEY & FOX<br>440 Louisiana, Suite 1901<br>Houston,  Texas 77002<br>T: (713) 495-2333<br>F: (866) 709-2333 | Attorneys for Plaintiffs,<br>**SYLVIA A. O'NEIL, as Surviving Daughter of ROSINE HERNANDEZ, Deceased, and as Executor of the Estate of ROSINE HERNANDEZ, Deceased, VERONICA O. HERNANDEZ, as Surviving Daughter of ROSINE HERNANDEZ, Deceased** |